BARNITH SACHS vs. JENNIE NUSSENBAUM ET AL.

Third Judicial District, New Haven, June Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

The proceeding upon an application to a judge, under the provisions of General Statutes, §§ 857, 858, to reduce or dissolve an alleged excessive attachment, is both in fact and in form entirely distinct from and independent of the action in which such attachment was made; and an order dissolving the attachment and thus terminating the proceeding is a final judgment from which an appeal will

lie to this court under § 807, provided such order involves a ruling or decision upon any question or questions of law.

From the limited nature of the issue in such a proceeding, the order made will ordinarily involve the determination of questions of fact only, and therefore be conclusive and unappealable.

The power or jurisdiction of the judge, upon an application of this nature, is confined by the language of the statute (§ 858) to the sole and simple question whether the value of the property attached so far exceeds the plaintiff's apparent claim as to be excessive; he has no power to test the legal sufficiency of the complaint nor to weigh the chances of the plaintiff's recovery of his claim; and therefore an order dissolving an attachment made by the appellant, upon the ground that the allegations of his complaint showed that the action was premature and would not justify any recovery against the owner of the attached property, is unauthorized, and for that reason is erroneous.

Argued June 4th—decided July 23d, 1918.

APPLICATION under § 857 of the General Statutes, by the defendants in an action pending in the Superior Court in Fairfield County, to secure the reduction or dissolution of an attachment made therein of the real estate owned by each of them respectively, brought to and heard by the *Hon. William M. Maltbie*, a judge of the Superior Court, who granted the application in so far as the realty of the defendant Silverman was concerned, from which judgment the plaintiff appealed. *Error and order of dissolution set aside.*

Jennie Nussenbaum and Fanny Silverman are, respectively, principal and surety upon a bond given to the appellant December 20th, 1917, pursuant to a judicial order and in substitution for a mechanic's lien for $8,300 filed by him against the property of the principal obligor, which was thereupon dissolved. The condition of the bond, after reciting the nature, existence, and amount of the lien, proceeds as follows: "NOW, THEREFORE, if the said Nussenbaum shall pay or cause to be paid to Barnith Sachs or his assigns any judgment that may be rendered against her by any

court of competent jurisdiction not exceeding the amount of $8,300, the amount claimed under the lien with interest and costs on demand, then this bond shall be void, otherwise to remain in full force and effect."

On December 31st, 1917, Sachs instituted an action against the obligors on the bond, both principal and surety. The complaint set out the existence of the lien, its dissolution, and the substitution therefor of the bond in suit pursuant to an order of *Judge Curtis*. Judgment was asked (1) upon the bond in such an amount as the court might adjudge to have been secured by the lien with interest and costs, and (2) for $10,000 damages. In this action real estate of both defendants was attached. They thereupon brought an application under § 857 of the General Statutes to *Judge Maltbie*, and pursuant to that application the plaintiff was summoned to appear before him, as prescribed in the statute, and for the purposes therein specified. He appeared, and after a hearing *Judge Maltbie* ordered that the attachment, in so far as it concerned the property of Jennie Nussenbaum, stand as made, and that the attachment made of the property of the defendant Silverman be dissolved for the reason, in substance, that no apparent claim against her was stated in the complaint, since she could not be made liable until a court had determined the amount secured by the lien and until there had been a failure to pay it.

The plaintiff, desiring to appeal from the order in so far as it directed the dissolution of the Silverman attachment, requested *Judge Maltbie* to make a finding of facts. The appellees thereupon filed their objections to compliance with such request, claiming that no appeal would lie from the order. The objections were overruled, a finding made, and thereafter this appeal taken.

Sachs *v.* Nussenbaum.

*Frank L. Wilder,* for the appellant (plaintiff).

*Robert E. DeForest,* for the appellees (defendants).

PRENTICE, C. J.   On the threshold of this case we are met with the question of this court's jurisdiction, raised by the appellees' objections to the allowance of an appeal from the order of dissolution.   They then insisted, and now insist, that our statute authorizes no appeal from such orders.   The statute governing the situation presented is § 807 of the General Statutes. It is there provided that "when the jurisdiction of any matter or proceeding is or shall be vested in a judge of the Superior Court, . . . any party to such matter or proceeding who feels aggrieved by any of the decisions or rulings of such judge upon any questions of law arising therein, may appeal from the final judgment of said judge in such matter or proceeding, in the manner hereinbefore provided for an appeal from the judgments of said courts respectively, to the Supreme Court of Errors," etc.   Two conditions are thus fixed as conditions precedent to the right of appeal, to wit, first, that final judgment in such matter or proceeding has been rendered, and second, that the judge has made a ruling or decision involving a question of law.

The proceeding before *Judge Maltbie* was one seeking relief from a claimed excessive attachment made in an action brought to the Superior Court.   As such, jurisdiction over it was confined to a judge of that court. General Statutes, § 857.   The court in which the action in connection with which the attachment was made, was without power to act in the matter, and under the statute could not be given such power.   The proceedings before *Judge Maltbie* were, therefore, not only in fact and form, but also of necessity, entirely independent of that action and not incidental to it.   It began with the bring-

ing of the application and ended with the order of dissolution. When that order was made the matter was at an end and the proceeding and parties were, save for the possibility of appeal, out of court. The order could not be regarded as in any sense an interlocutory one made in progress of the pending suit. That progress was not concerned with or in any way affected by it. The order made final disposition of a judicial or *quasi*-judicial proceeding authorized by statute, and therefore was a final judgment within the meaning of our statutes regulating appeals. *Barber* v. *International Co.*, 74 Conn. 652, 657, 51 Atl. 857; *Bunnell* v. *Berlin Iron Bridge Co.*, 66 Conn. 26, 37, 33 Atl. 533; *Fayerweather* v. *Monson*, 61 Conn. 431, 440, 23 Atl. 878.

It is evident from a reading of § 857 and the following section, that proceedings for relief in cases where attachments have been made which are alleged to be excessive, will rarely present an appealable question. From the limited nature of the issue they present, the order made in them must in the great majority of cases involve the determination of questions of fact only, and be conclusive. By possibility, however, the order may be based upon or involve a decision in a matter of law, as for example, one as to the extent of the authority conferred upon the judge and as to whether that authority has not been exceeded. That is the situation in the present case as the appellant presents it.

While the reasons of appeal call in question the judge's power to do what he did, they do not in terms state the appellant's real grievance. Upon the face of their statement they appear to rest upon the proposition that the judge erred in concluding upon an examination of the complaint that the action, in so far as it concerned the defendant Silverman, was prematurely brought and that no judgment thereon under the facts

disclosed could be obtained against her. Had it been open to the judge to pass upon the sufficiency of the complaint, we could not agree that his action was erroneous, as claimed by the appellant. The surety's obligation to the plaintiff was one solely on the bond which she signed. The extent of it was fixed by its terms and cannot be enlarged. Those terms create a condition precedent to her liability. The complaint fails to show that that condition had been satisfied. It was, therefore, insufficient to support a judgment against her.

But that by no means ends the matter nor exhausts the question of power to which the plaintiff has appealed, although not aptly. His real grievance, if he has one, arises from the fact that the judge in the exercise of the power conferred upon him by the statute did not limit himself to an inquiry as to whether or not the attachment made was excessive, in that the value of the property attached exceeded the plaintiff's apparent claim, but went further and subjected the complaint to an examination, as upon demurrer, to discover whether or not it stated a good cause of action against the applicants and whether or not, in his opinion, a judgment could be rendered against them in the action brought, and made his order upon his conclusion reached after such examination. This possible grievance underlies those set out in terms in the reasons of appeal, and may fairly be said to be involved in them.

The statute, which prescribes the duty and power of the judge to whom applications for relief from excessive attachments are made, defines the conditions under which such relief may be given by him thereon. These conditions are that the value of the property attached so far exceeds the plaintiff's apparent claim as to be excessive. When it is remembered that the application for relief is not to be made to the court having jurisdic-

tion of the action to which the attachment is incidental, or for that matter to any court, but to a judge sitting in chambers and powerless to adjudicate in the cause which is not before him, and when the long accepted liberal policy of this State in the matter of attachments is borne in mind, there can be no doubt as to the meaning and intent of the language which the statute employs, and as to the scope of the authority thereby conferred.

The subject-matter of the inquiry, which the judge is empowered to make as furnishing the basis of his action, is limited to a comparison between the value of the property attached and the plaintiff's apparent claim. In arriving at the amount of this apparent claim, the judge is authorized to summon the plaintiff before him, and call upon him to state under oath what its amount is, that he believes it to be justly due, and to furnish a bill of particulars or circumstantial statement of it. Doubtless he is also vested with authority to so far take cognizance of the complaint in the action as to inform himself not only of the demand for damages therein but also of the extent of the recovery which the plaintiff seeks and claims. In these ways he may seek to gain a true measure of the plaintiff's claim as it really is. But that is a very different thing from making a judicial examination of the complaint to test its sufficiency as a statement of a cause of action. That is for the court before which the action is pending to do in proper course, if so required. The office of the judge before whom the application is pending, is to discover the amount of the plaintiff's apparent claim, and not to pass upon its legal validity or to weigh the chances of recovery upon it. Our statutes of long standing permit one who, however mistakenly, claims that he has a right of action against another, to institute an action against him and, as

auxiliary to that action, to make an attachment to secure his recovery. The validity of the claim made is left for the determination of the court. Until that determination is made the attachment may not be attacked upon the ground that the plaintiff has failed to state a claim which will stand the test which, in the course of the progress of the action, will be applied to it.

The language of § 858 furnishes a striking indication that the dissolution of an attachment for the weakness of the plaintiff's claim upon which he is seeking recovery, was not within the legislative contemplation. It assumes that the plaintiff has an apparent claim, and the redress provided for is such release of attached property as will prevent the value of the property attached being so much in excess of that claim as to render it excessive. There is no suggestion of a discharge by the judge of an attachment in its entirety, which would be the only logical relief if it was intended to afford relief in cases where the legal insufficiency or invalidity of the plaintiff's claim was disclosed upon the pleadings. Dissolution is provided for only in the event that the attaching creditor fails to appear in response to the citation to him. Under all other conditions it is the reduction of the attachment, or release of a portion of the attached property, which is spoken of.

A cogent reason in support of the limited provisions of the statute is to be found in the harsh consequences which might readily follow if attachments might be dissolved for no other cause than that the plaintiff's attorney had failed to draft a good complaint, or one which the judge mistakenly considered insufficient. These consequences are too apparent to justly specific enumeration.

In the present proceeding *Judge Maltbie* did not dissolve the attachment against the surety's property for the reason that he found it excessive, as being for

an amount unreasonably large to secure the judgment against her which the plaintiff claimed to be entitled to or which might properly be rendered against her if the facts set out in the complaint would under the law sanction a recovery, but on the sole ground that an examination of the allegations of the complaint convinced him that the plaintiff could not have judgment for any amount against the defendant Silverman. In so doing he acted in excess of his powers.

There is error in so much of the order as dissolves the attachment made of the property of the applicant Silverman, and the same is set aside.

In this opinion the other judges concurred.