LOUIS S. LOEB, Receiver, Thomas F. Clark Co.
vs.
RICHARD LUDDY, ET AL.

Superior Court        New Haven County          File #51758

Present:  Hon. EARNEST C. SIMPSON, Judge.

Goldstein & Bracken,          Attorneys for the Plaintiff.

Cressy, Bartram,
   Melvin & Sherwood,          Attorneys for the Defendants.

## MEMORANDUM FILED FEBRUARY 17, 1937.

SIMPSON, J. This is not a motion to dissolve a foreign attachment because it is excessive or one to substitute a bond therefor. But "to dissolve" an attachment because the money attached or garnisheed in the hands of The Stamford Trust Company does not belong to the defendant or either one of them. The principles of law stated in the case of **Sachs vs. Nussenbaum, et al, 92 Conn. 682,** does not therefore apply.

While the Court is of the opinion the defendant might properly apply to the Court for redress it is also of the opinion a motion to dissolve was not the proper procedure. It should have been by way of a petition asking for equitable relief. However as the parties have been fully heard, the Court feels that the matter ought to be determined without further procedure.

From the evidence offered it is found that the funds, amounting to $363.50, deposited by the defendant Richard Luddy in the Stamford Trust Co. in the name of "Richard Luddy, Special" belong to the Connecticut Life Insurance Company except to the amount of $18.18 due the defendant as commission therefrom.

It is therefore ordered that the plaintiffs release from said garnishment the sum of $345.32 deposited in The Stamford Trust Company under the title "Richard Luddy, Special", and that if this is not done within ten days from the date hereof, the garnishment to the extent of $345.32 be and hereby is dissolved.