SALVATORE D'ANDREA ET AL. *vs.* JENNIE RENDE.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 8th—decided December 9th, 1937.

*Maurice J. Buckley,* for the appellant (defendant).

*Abraham Reback,* for the appellees (plaintiffs).

JENNINGS, J. The complaint is in the form of an action to quiet title. Subsequent pleadings reveal that the defendant claims to have an attachment lien on property owned by the plaintiffs. The object of the plaintiffs is to remove the lien of this attachment.

On April 22d, 1930, Patsey Prince conveyed the premises described in the complaint to Max H. Mernstein, trustee. On May 29th, 1930, the defendant caused these premises to be attached in an action returnable to the City Court of Stamford wherein Prince and Mernstein, trustee, were defendants. The certificate of attachment was duly recorded.

Soon after the service of the attachment Mernstein, trustee, the then owner, made application to Hon. Justus J. Fennel, a judge of the City Court of Stamford, to dissolve this attachment. Notice of the application was served upon John A. Walsh, one of the attorneys for the present defendant, plaintiff in the attachment action. At the hearing Mernstein ap-

peared with a surety and they entered into a bond to the defendant. Judge Fennel thereupon ordered the dissolution of the attachment and this order was recorded upon the land records of Stamford. No further action has ever been taken in the attachment suit. Judge Fennel neither certified his doings upon the application nor returned the bond to the file. The bond is not in the file and none was produced at the trial. On June 23d, 1930, Mernstein, trustee, deeded the premises to the present plaintiffs. This deed and the order of dissolution of the attachment were both recorded in the land records of Stamford on July 1st, 1930.

The defendant claims that the order of dissolution is invalid because of certain irregularities in the proceedings. She also attacks the finding and certain rulings on evidence. The finding cannot be corrected in any way beneficial to the defendant. The order of dissolution is claimed to be invalid because of insufficient notice of the application and because the judge failed to certify his doings thereon and make due return to court.

Section 5734 of the General Statutes reads as follows: "No attachment shall be dissolved until reasonable notice of the application, in writing, signed by the defendant or his attorney, shall have been served upon the plaintiff or his attorney and the officer serving the attachment;" followed by a form. This provides for two notices, one on the plaintiff or his attorney and one on the officer serving the attachment. The attorney for the attaching plaintiff was duly served. The claim of the defendant that service on only one of the attorneys of the plaintiff is not a strict compliance with the statute is without merit. *Bristol v. Pitchard,* 81 Conn. 451, 454, 71 Atl. 558. The plaintiffs' brief states that the officer who made the attach-

ment was the same officer who served the notice of the application to dissolve but this fact cannot be ascertained from the record. The question on this phase of the case is whether the failure to serve the officer deprived the judge of jurisdiction.

The dissolution of an attachment is a "statutory proceeding." *Birdsall* v. *Wheeler,* 58 Conn. 429, 434, 20 Atl. 607. The statute confers a definite jurisdiction upon a judge and it "defines the conditions under which such relief may be given." *Sachs* v. *Nussenbaum,* 92 Conn. 682, 687, 104 Atl. 393. In such a situation jurisdiction is only acquired if the essential conditions prescribed by the statute are met. If they are not met, the lack of jurisdiction is one over the subject-matter and not over the parties. *Sears* v. *Terry,* 26 Conn. 273, 285; *Dorrance* v. *Raynsford,* 67 Conn. 1, 7, 34 Atl. 706; *Ferrie* v. *Trentini,* 111 Conn. 243, 149 Atl. 664. The court's jurisdiction cannot be conferred by consent. *Savings Bank of Danbury* v. *Downs,* 74 Conn. 87, 89, 49 Atl. 913. "Want of jurisdiction is one thing, and an erroneous exercise of an admitted jurisdiction is quite another; although the line that separates [them] is not always a plain one." *Terry's Appeal,* 67 Conn. 181, 185, 34 Atl. 1032. It follows that, if this lack of notice to the officer was a substantial defect, the judge had no jurisdiction of the subject-matter and service on the defendant and her failure to appeal would not save the case. If, on the other hand, it was a circumstantial defect, a mere irregularity, it would not destroy the jurisdiction of the proceeding. It could be waived and would be waived if no appeal was taken from the judgment. *Hudson* v. *Roberts,* 104 Conn. 126, 132 Atl. 404; *Butterfield* v. *Brady,* 111 Conn. 112, 149 Atl. 252. The defendant had due notice of the hearing and therefore of the order of dissolution. This was a final judgment,

*Sachs* v. *Nussenbaum,* supra, and there was no appeal. She has slept on her claimed rights for over six years.

A somewhat similar situation has frequently arisen in regard to replevin actions where there was a defect in the bond or recognizance which the statute requires. The plaintiffs in these actions have uniformly been denied the privilege of relying on these defects in bonds which they themselves gave to enable them to institute their suits. *Nichols* v. *Standish,* 48 Conn. 321; *McNamara* v. *Mattei,* 74 Conn. 170, 177, 50 Atl. 35; *Douglass* v. *Unmack,* 77 Conn. 181, 183, 58 Atl. 710. In the case last cited it is expressly stated that the defects in the bond, one that the surety was the magistrate who signed the writ and the other that it was entered into before a magistrate who did not sign the writ, did not destroy the jurisdiction of the court over the replevin suit, even though these defects might have been sufficient as a ground of abatement. While the defendant was not responsible for the existence of the defect which is the subject of complaint here, the principle remains the same.

In determining whether this defect was fatal, the purpose of the statutory provision may be considered. Where an officer has attached personal property it is ordinarily in his possession or under his control. If an attempt is to be made to dissolve the attachment, the officer should, under those circumstances, have notice at some stage of the proceedings. The statute provides for such notice at the time the application is made. Where, as here, real estate is attached, there is no such necessity for service on the officer. He has completed service, made his return and can have no further connection with the case. In view of the definite statutory requirement of notice to him, lack of notice would probably be a good ground of defense in a hearing on the application, but, when the validity of

an order of dissolution of an attachment of real estate is attacked under the circumstances disclosed here, the lack of notice to the officer was a circumstantial defect which did not destroy the jurisdiction of the court.

Section 5737 of the General Statutes reads as follows: "The authority dissolving the attachment shall certify his doings upon the application, and forthwith return the application, bond and other proceedings to the court to which the writ is returnable, where they shall be kept on file." This statute merely directs what shall be done with the papers after judgment has been rendered. As stated, the judge had jurisdiction, the hearing was held and judgment was rendered. The order was recorded as provided in General Statutes, § 5738. The case was complete. The failure of the judge to perform the clerical act indicated can in no way invalidate the judgment. "In harmony with the recognized distinction between the rendition of a judgment and its entry the general rule is that as soon as a judgment is rendered the rights of the parties become established, and as between the litigants it is not necessary that it should be entered of record. As between the parties the validity of a judgment properly rendered is not affected by the delay of the clerk in entering it in the court records, nor by his omission altogether to record it in pursuance of statutory provision making it the duty of the clerk to enter all judgments of record." 15 R. C. L. 581.

Only two of the rulings on evidence, assigned as error, are pursued in the defendant's brief. The first complains of the refusal of the trial judge to allow the defendant to ascertain whether a paper before the witness actually refreshed the recollection of the witness. There is no way of telling from the record whether the questions allowed and excluded were prejudicial to the defendant. The setting given is inadequate to enable

us to judge the effect of these rulings. Practice Book, § 359. *Goodchild & Partners, Ltd.* v. *Ready Tool Co.,* 100 Conn. 378, 382, 124 Atl. 38.

The plaintiff, in endeavoring to prove that a bond had actually been furnished, asked Judge Fennel the following question: "Would you have issued this order if the bond was not given to you?" To this the witness answered, after reading the order, "I would not have." As disclosed by the record, the attorney for the defendant purposely withheld his objection until the answer was made and then moved to strike it out. This is not a case where the question of admissibility cannot be determined until the answer is in. It is a clear case of gambling on the answer. The court was right in denying the motion.

There is no error.

In this opinion the other judges concurred.