EARL W. POTTER v. GEORGE APPLEBY

BROWN, JENNINGS, BALDWIN, INGLIS AND O'SULLIVAN, JS.

Argued March 7—decided May 16, 1950.

*Nelson Harris,* for the plaintiff.

*James H. Gould,* for the defendant.

BALDWIN, J.   The plaintiff brought an action to the Court of Common Pleas against the defendant claiming damages for alienation of the affections of the plaintiff's wife and attached the defendant's automobile.   The defendant is a veteran of World War II and receives compensation from the federal government for the loss of his left leg.   The Veterans' Administration, pursuant to an act of Congress (60 Stat. 915, 38 U. S. C. § 252) allowed funds to him for the purchase of the automobile under attachment.   The purchase price was $2165, of which the federal government paid $1600, the balance being obtained by the defendant through a loan from a bank, to secure which he gave a chattel mortgage upon the automobile.   He had reduced the mortgage debt to $400 at the time the attachment was made, making the payments entirely out of pension funds received by him from the federal government.

The defendant made application to Hon. John Clark FitzGerald, a judge of the Court of Common Pleas, for dissolution of the attachment, claiming that the automobile was exempt. Judge FitzGerald reserved the matter for determination of this question: "Is the automobile of the defendant exempt from attachment under Section 8104 of the General Statutes of Connecticut, Revision of 1949?" This section exempts "any pension moneys received from the United States while in the hands of the pensioner."

We are presented with the preliminary question whether the reservation is properly before us. The trial court or any judge thereof cannot confer jurisdiction upon this court merely by reserving a question for our advice. *Husted* v. *Mead,* 58 Conn. 55, 66, 19 A. 233; see *Harrison* v. *Harrison,* 96 Conn. 568, 569, 114 A. 681. Questions of law may be reserved in all cases in which an appeal could lawfully be taken had a judgment been rendered therein. General Statutes § 7967. This proceeding is not one brought either under General Statutes, § 8043, relating to dissolution of an attachment upon the giving of a bond, or under General Statutes, §§ 8051, 8052, for the release of an excessive attachment. The defendant urges in his brief that it is analogous to such a proceeding, and we will consider it as such. While it is ancillary to the main action for damages, it is distinct from and independent of that action. It is a separate proceeding brought before a judge. Had he issued an order, it would have determined the matter and brought the proceeding to a final conclusion. This would be a final judgment from which an appeal could be taken. *D'Andrea* v. *Rende,* 123 Conn. 377, 380, 195 A. 741; *Sachs* v. *Nussenbaum,* 92 Conn. 682, 686, 104 A. 393.

The issue presented by the application was whether the automobile is exempt from attachment. That is-

sue cannot properly be raised in such an ancillary proceeding. The power to attach property on mesne process is conferred only by statute. *Hubbell* v. *Kingman,* 52 Conn. 17, 19. An application to release such an attachment is also a statutory proceeding. *Birdsall* v. *Wheeler,* 58 Conn. 429, 434, 20 A. 607; *D'Andrea* v. *Rende,* supra, 380; *Sachs* v. *Nussenbaum,* supra, 685. Where one seeks to rely on these statutes, he must allege the essentials required by them. The only issue before the judge is the sufficiency of the bond offered or whether the value of the property attached so far exceeds the plaintiff's apparent claim as to be excessive. *Sachs* v. *Nussenbaum,* supra, 688. An attachment can only be dissolved without bond for the failure of the plaintiff to appear in response to the citation in the application seeking its dissolution. *Sachs* v. *Nussenbaum,* supra, 689. There is no statutory authority for any ancillary proceeding by application or motion for the dissolution of an attachment on the ground that the property is exempt. Section 8253 of the General Statutes does provide for redress by an action of replevin. This statute provides specifically for the recovery of exempt property under attachment.

The judge of the Court of Common Pleas is advised to deny the application.

In this opinion the other judges concurred.