Mary W. Dewart v. Northeastern Gas
Transmission Company

Brown, C. J., Jennings, Baldwin, Inglis and O'Sullivan, Js.

Argued February 3—decided February 19, 1953

*C. Driscoll Grimes,* for the appellee (plaintiff).

*Daniel F. Wheeler,* for the appellant (defendant).

JENNINGS, J.   This case and five other cases combined into a single appeal (Practice Book § 382) originated as applications by the plaintiffs to the Superior Court under § 8153 of the General Statutes, each seeking an order directing the defendant to proceed with arbitration pursuant to a written arbitration agreement.   The agreement, signed by the parties, named the arbitrators.   The purpose of the arbitration is to determine the damages resulting to the respective properties of the plaintiffs in the six cases from the construction thereon of defendant's pipe line.

The defendant in each case filed an answer admitting the allegations of the application.   The answer included a special defense and a cross complaint alleging facts which it is claimed tend to cast reasonable doubt upon the fairness and impartiality of one of the arbitrators named in the agreement, thereby rendering him unfit to serve as arbitrator. The defendant in its special defense denied the right of the plaintiffs to an order directing the defendant to proceed with arbitration unless and until this

arbitrator had been removed and replaced. In its cross complaint the defendant asked the court to remove the arbitrator and appoint a fair and impartial arbitrator in his place and stead.

Each plaintiff filed a demurrer to the special defense and cross complaint which was sustained and, upon the refusal of the defendant to plead further, an order was entered directing the defendant to proceed with the arbitration. The defendant thereupon filed an appeal to this court from the order, assigning as error the sustaining of the demurrer to the special defense and cross complaint. The plaintiffs thereupon moved to dismiss the appeal on the ground that the order directing the defendant to proceed with the arbitration was not a final judgment.

An appeal lies only from a final judgment. General Statutes § 8003; Maltbie, Conn. App. Proc., § 6. One of the tests to determine whether an order is final so as to permit an appeal is to ascertain whether it terminates a separate and distinct proceeding. Examples of such proceedings will be found in *Potter* v. *Appleby,* 136 Conn. 641, 643, 73 A.2d 819; *Wardell* v. *Killingly,* 96 Conn. 718, 722, 115 A. 539; *Sachs* v. *Nussenbaum,* 92 Conn. 682, 685, 104 A. 393; *Fayerweather* v. *Monson,* 61 Conn. 431, 440, 23 A. 878. No Connecticut case has been cited or found determining this question as to an order directing the defendant to proceed with arbitration. It is to be noted, however, that §§ 8160 and 8161 of the General Statutes provide for the bringing of new applications for the confirmation or vacating of awards. New York has ruled that orders on such applications are separate proceedings subject to appeal. *Matter of Marchant* v. *Mead Morrison Mfg. Co.,* 252 N.Y. 284, 292, 169 N.E. 386; *Matter of Hosiery*

*Mfrs. Corporation* v. *Goldston,* 238 N.Y. 22, 25, 143 N.E. 779; see Sturges, Commercial Arbitrations & Awards, p. 900. While the cases are not controlling, we agree with the conclusion reached. The defendant can appeal from the order.

The motion to dismiss is denied.

In this opinion the other judges concurred.