## MARY MORGANTI *v.* BETTY ABRAMSON

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued February 4—decided March 31, 1954

*Vincent Villano,* for the appellant (plaintiff).

*Charles G. Albom,* with whom, on the brief, was *Philip Mancini, Jr.,* for the appellee (defendant).

WYNNE, J. On December 18, 1952, the plaintiff instituted an action of slander against the defendant. Before service was made, the plaintiff obtained from the Superior Court, to which the writ had been made returnable, an order commanding the attachment of the defendant's property in the amount of $20,000, the sum set forth in the ad damnum clause. After service was made, the defendant applied for an order reducing the attachment as excessive. Upon hearing had, an order was entered releasing so much of the property under attachment as exceeded $2000.

From this order the plaintiff has appealed to this court.

The finding, which is not subject to correction, discloses the following facts: At the hearing on the application for a reduction of the attachment, the plaintiff and her attorney appeared, as did the attorneys representing the defendant. The plaintiff testified under oath that the defendant had repeatedly slandered her to several persons over a period of a year and a half, that she was aware that the complaint alleged slanderous remarks on only four occasions, and that she did not know how much damage she had sustained and had left this up to her lawyer to decide.

The appeal really presents three questions. The first is whether the judge was powerless to reduce the attachment because it had been made by order of court. The attachment was made under the provisions of § 1372b of the 1951 Supplement to the General Statutes (Cum. Sup. 1953, § 2396c). This statute was designed to take from the attorney issuing process in certain types of action, slander being one, the power to order an attachment and to vest that power in the court to which process might be returnable. There is nothing to indicate that the General Assembly in enacting the statute intended thereby to limit the power to reduce attachments given to judges by §§ 8051 and 8052 of the General Statutes. Had there been any such intent, the General Assembly undoubtedly would have amended §§ 8051 and 8052. The application for an attachment under § 1372b being ex parte, the provisions of §§ 8051 and 8052 offer the only opportunity for a hearing to a party objecting to the amount of the attachment.

The next question is whether the sections referred

to are applicable only to claims which are liquidated in character, and not to cases involving claims for unliquidated damages, such as the action here. Section 8051 of the General Statutes refers in terms to "any civil action." If §§ 8051 and 8052 were not intended to apply to cases in which unliquidated damages are sought, there would be little reason for a hearing to determine the amount of a plaintiff's "apparent" claim as therein provided. Manifestly § 8052 authorizes the reduction of attachments in actions for unliquidated damages.

The final question has to do with a reduction of an attachment to an amount below the jurisdiction of the court where the action is pending. Proceedings for a reduction of an attachment are collateral to, and independent of, the action in which the attachment has been made. *Potter* v. *Appleby,* 136 Conn. 641, 643, 73 A.2d 819; *Sachs* v. *Nussenbaum,* 92 Conn. 682, 685, 104 A. 393. In them there is no adjudication as to the jurisdiction of the court to which the suit is returnable. The sole question is whether the value of the property attached so far exceeds the apparent claim of the plaintiff as to render the attachment excessive. If that is found affirmatively, as it was here, the statute provides that the judge shall order a partial release of the attachment. There is no limitation on the power of a judge over attachments which prevents him from reducing an attachment to an amount below the jurisdiction of the court to which the writ was returnable.

The finding discloses that the plaintiff failed to establish under oath the amount of her claim, as required by statute. The conclusion of the judge that the reduction he ordered allowed her an adequate guarantee for the payment of any judgment

which reasonably might be awarded to her in the trial of the action was one which he could reach in the exercise of a sound discretion.

There is no error.

In this opinion the other judges concurred.