Incidental to an action brought on January 5, 1973, to recover the unpaid balance of a promissory note, an attachment was made on the real property of the defendant Gail Gear. On October 12, 1973, the plaintiff moved under the provisions of Public Act No. 73-431 to validate the attachment. After a hearing on December 11, 1973, the court, finding that the plaintiff had not shown probable cause to sustain the validity of its claim, refused to validate the attachment.
The plaintiff has appealed from the decision, and the defendant Gail Gear has filed a motion to dismiss the appeal, arguing that no appeal lies from an order refusing to validate an attachment, that the plaintiff's appeal is defective in that the amount of *Page 508 
the recognizance with surety does not conform to the requirements of § 778G of the Practice Book, and that the plaintiff has misstated the terms of the decision from which it seeks to appeal.
The second and third grounds as set out above are without merit. the plaintiff's oversight in the amount of recognizance necessary was corrected by the filing of an amended recognizance. The cases cited to support the claim that the appeal was void and of no effect all involved a total lack of recognizance, e.g., State v. Pallotti, 119 Conn. 70, 74, and thus can be distinguished from the facts in the instant case. In addition, it should be pointed out that Practice Book § 778G, the predecessor to which was Practice Book § 956, does not contain the language which appeared in § 956 prior to August 1, 1967: "... unless the fees are paid and such security given, the appeal shall be void and of no effect." Since the appeal was filed in a timely fashion, the amended recognizance with surety will be permitted. Further, this court does not agree that the plaintiff has "defectively identified the particular decision from which it seeks to appeal."
As to the question of appealability, prior to final judgment in the main cause of action, of a court's refusal to validate a preexisting attachment after a hearing under Public Act 73-431, this court relies on the reasoning of Sachs v. Nussenbaum, 92 Conn. 682, in holding that such actions are subject to review by appeal.
"`Appellate jurisdiction is derived from the constitutional or statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed. Thus, the determination of the existence and extent of appellate jurisdiction depends upon the terms of the statutory or constitutional provisions in which it has its source.' 4 Am. *Page 509 
Jur.2d 535, Appeal and Error, § 4." LaReau v.Reincke, 158 Conn. 486, 492. Under § 51-265 of the General Statutes, which outlines the jurisdiction of the Appellate Division of the Court of Common Pleas, appeals from any final judgment or action of the Circuit Court shall be by review of errors of law. "Two conditions are thus fixed as conditions precedent to the right of appeal, to wit, first, that final judgment in such matter or proceeding has been rendered, and second, that the judge has made a ruling or decision involving a question of law."Sachs v. Nussenbaum, supra, 685.
"There are certain statutory proceedings incidental to an action but in effect separate and independent, the decision of which is, if it terminates the proceeding, regarded as final." Maltbie, Conn. App. Proc. § 10, p. 11, citing Dewart v. Northeastern GasTransmission Co., 139 Conn. 512, 514. Regarding proceedings under the statutes for the reduction or dissolution of an attachment, the court in Potter
v. Appleby, 136 Conn. 641, 643, stated: "While it [the proceeding] is ancillary to the main action for damages, it is distinct from and independent of that action. It is a separate proceeding brought before a judge. Had he issued an order, it would have determined the matter and brought the proceeding to a final conclusion. This would be a final judgment from which an appeal could be taken. D'Andrea v.Rende, 123 Conn. 377, 380 ...; Sachs v. Nussenbaum,. .. [supra, 686]."
A judgment or order, to be final for purposes of an appeal, must dispose of the cause, or a distinct branch thereof, reserving no further questions or directions for future determination. 2 Am. Jur., Appeal and Error, § 22. A motion to dismiss an appeal from an order dissolving an attachment was denied in Johnson v. Butler, 1 Iowa 459, the court stating that by virtue of statute it had appellate *Page 510 
jurisdiction over all final judgments and that, while an attachment proceeding was auxiliary to the original or main cause, it also was of such an independent character, within the meaning of the jurisdictional statute, that an appeal would lie from an order dissolving or sustaining the attachment. Note, 19 A.L.R.2d 640, 654.
The proceeding here was one seeking to validate an attachment made in an action brought to the Circuit Court. The proceeding was entirely independent of the main action and not incidental to it. It began with the filing of the motion and ended with the order refusing to validate the attachment. When that order was made, the matter was at an end and the parties were, except for the possibility of appeal, out of court. "The order could not be regarded as in any sense an interlocutory one made in progress of the pending suit. That progress was not concerned with or in any way affected by it. The order made final disposition of a judicial or quasi-judicial proceeding authorized by statute, and therefore was a final judgment within the meaning of our statutes regulating appeals." Sachs v. Nussenbaum,
supra, 686.
 The motion to dismiss is denied.
In this opinion HAMILL and MISSAL, JS., concurred.