E. J. HANSEN ELEVATOR, INC. *v.* HERBERT STOLL ET AL.

DORADO BAY INTERNATIONAL *v.* NORTH HAVEN BRIARWOOD CORPORATION ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 1, 1974—decision released February 18, 1975

*Anthony M. Macleod,* in the first case, in support of the motion.

*Gary A. MacMillan,* in the second case, in support of the motion.

*Frank J. Mongillo, Jr.,* in the second case, in opposition.

HOUSE, C. J. Although these two cases are unrelated, each of them is before us on a motion to dismiss an appeal; and they both involve a determination as to whether the order of a court rendered on an application for a prejudgment remedy pursuant to the provisions of Public Acts 1973, No. 73-431, is a final judgment from which an appeal may be taken. This common issue is one of first impression before this court and it is appropriate to consider the merits of both motions in one opinion.

Prior to the adoption of Public Act 73-431, writs of attachment signed by a commissioner of the Superior Court could be, and commonly were, issued by attorneys as commissioners of the Superior Court without notice, hearing or any judicial action. See Practice Book § 28 and Form No. 1, p. 249; General Statutes §§ 52-89, 52-90. The decisions of the United States Supreme Court in *Fuentes* v. *Shevin,* 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556; *Lynch* v. *Household Finance Corporation,* 405 U.S. 538, 92 S. Ct. 1113, 31 L. Ed. 2d 424, rehearing denied, 406 U.S. 911, 92 S. Ct. 1611, 31 L. Ed. 2d 822; and *Sniadach* v. *Family Finance Corporation,* 395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d 349, spelling out the requirements of due process of law in certain creditor proceedings, led to the adoption of Public Act 73-431. See 16 Conn. H. Proc., pt. 12, 1973 Sess., pp. 5834–42. The full text of Public Act 73-431 entitled "An Act Concerning Prejudgment Remedies" is available in part 1, volume II of the 1973 Public Acts. Its

length precludes our reprinting it here but its provisions, so far as they are relevant to the merits of these motions, may be briefly summarized. A "prejudgment remedy" is defined as "any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment but shall not include a temporary restraining order." It is provided that, except in an action upon a commercial transaction, wherein the defendant has executed a waiver, no prejudgment remedy shall be available in any action at law or in equity unless an application is first directed to the court in which the action is made returnable. The application shall have attached to it the proposed writ, summons and complaint, an affidavit "setting forth a statement of facts sufficient to show that there is probable cause that judgment will be rendered in the matter in favor of the plaintiff," and forms of order of notice and hearing. The defendant has the right to appear and be heard at a hearing that "shall be limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim." If the court finds that the plaintiff has shown probable cause to sustain the validity of his claim, "then the prejudgment remedy applied for shall be granted as requested or as modified by the court."

In the first case, *E. J. Hansen Elevator, Inc.* v. *Stoll,* hereafter referred to as the *Hansen* case, the plaintiff applied for a prejudgment remedy and was granted an order for the attachment of the real estate of the defendant. In the second case, *Dorado Bay International* v. *North Haven Briarwood Cor-*

*poration,* hereafter referred to as the *Dorado* case, the plaintiff applied for prejudgment remedies by way of attachment, garnishment and the appointment of a receiver. This application was denied. In the *Hansen* case, the defendant appealed to this court from the order granting the remedy and in the *Dorado* case the plaintiff appealed from the order denying its application for the prejudgment remedies. In each case the appellee filed a motion to dismiss the appeal, asserting that the order of the court was not a final judgment from which an appeal could be taken to this court. In the *Hansen* case, the motion to dismiss included an additional ground on which dismissal is sought, and we will consider that further claim after first considering the question common to both motions, i.e., is the order of the trial court rendered on an application for a prejudgment remedy a final judgment from which an appeal lies to this court?

It is well established that appeals to this court can be taken only from final judgments. The requirement of finality was early settled in our practice. See *Gleason* v. *Chester,* 1 Day 27. The requirement is now codified in Practice Book § 600 and General Statutes § 52-263 and is predicated upon very practical reasons. "It would lead to great confusion if a party was bound to take an appeal from every interlocutory judgment of a lower court"; *Morse* v. *Rankin,* 51 Conn. 326, 329; allowance of multiple appeals in a single action would not accord with the sound policy which favors the speedy disposition of actions in court. *State* v. *Kemp,* 124 Conn. 639, 647, 1 A.2d 761. Although the requirement of the finality of a judgment as a condition precedent for the taking of an appeal is well settled, the determination of whether a

particular judgment is a final one has been a source
of much litigation in this court. See cases indexed
in Phillips, Connecticut Digest and the cumulative
supplement thereto under "Appeal and Error § 5
— Finality of Judgment," and Maltbie, Conn. App.
Proc. §§ 10 through 15, particularly § 14, "Judg-
ments which have been held final" and § 15, "Judg-
ments which have been held not final."

It is apparent that there are certain judgments
which are undoubtedly final and others that are
clearly interlocutory and not appealable. The
problem, of course, arises in the gray area between
these obvious certainties and in the formulation of
some standard or test to determine the status of
finality. The decisions of this court over the years
have demonstrated that there is no one test which
is valid and decisive in all circumstances. In the
recent decision in *Prevedini* v. *Mobil Oil Corpora-
tion,* 164 Conn. 287, 320 A.2d 797, we noted (p. 292):
"This court has developed a number of standards
delineating the requirement of finality. One test
is whether the order or action terminates a separate
and distinct proceeding. *Dewart* v. *Northeastern
Gas Transmission Co.,* 139 Conn. 512, 514, 95 A.2d
381. Another test lies in the effect of an order 'as
concluding the rights of some or all of the parties';
*Banca Commerciale Italiana Trust Co.* v. *West-
chester Artistic Works, Inc.,* 108 Conn. 304, 307, 142
A. 838; *Gores* v. *Rosenthal,* 148 Conn. 218, 221, 169
A.2d 639; and, finally, if the rights of the parties are
concluded so that further proceedings cannot affect
them, then the judgment is final. *State* v. *Fahey,*
146 Conn. 55, 57, 147 A.2d 476; *Watson* v. *Howard,*
138 Conn. 464, 467, 86 A.2d 67; *Northeastern Gas
Transmission Co.* v. *Brush,* 138 Conn. 370, 373, 84
A.2d 681."

We conclude on the basis of precedent and the tests recited in the *Prevedini* case that an order of the court granting or denying a prejudgment remedy pursuant to the provisions of Public Act 73-431 is a final judgment from which an appeal may be taken.

"The right to attach property on mesne process is created and regulated by statute." *Harris* v. *Barone,* 147 Conn. 233, 234, 158 A.2d 855. As we have already noted, prior to the enactment of Public Act 73-431, attachment was effected by direction of a writ issued by a commissioner of the Superior Court without notice or hearing. As this court could properly observe, in *Sachs* v. *Nussenbaum,* 92 Conn. 682, 688, 104 A. 393, "[o]ur statutes of long standing permit one who, however mistakenly, claims that he has a right of action against another, to institute an action against him and, as auxiliary to that action, to make an attachment to secure his recovery." Under the provisions of Public Act 73-431, an attachment is still made by writ issued by a commissioner of the Superior Court, and it is still auxiliary to the cause of action alleged but no longer can the writ be issued at the discretion of the commissioner of the Superior Court and without a judicial order. It can now be issued only after a due process judicial hearing on notice and pursuant to an order of the court. The previous right of the plaintiff has been circumscribed by the requirement of a judicial order, and the right of the defendant to protect his use, possession and enjoyment of property from arbitrary encroachment or deprivation has been established giving rise to a new proceeding, with due process notice and hearing and judicial review. The adjudication made by the court on the applica-

tion for a prejudgment remedy is not part of the proceedings ultimately to decide the validity and merits of the plaintiff's cause of action. It is independent of and collateral thereto and primarily designed to forestall any dissipation of assets by the defendant and to bring them into the custody of the law to be held as security for the satisfaction of such judgment as the plaintiff may recover in a manner consistent with the requirements of due process. The *Sachs* v. *Nussenbaum* case to which we have just referred arose from an application for the reduction or dissolution of a claimed excessive attachment made in an action brought to the Superior Court. This court observed in that opinion (pp. 685–86) that the dissolution proceedings were "not only in fact and form, but also of necessity, entirely independent of that action and not incidental to it. It began with the bringing of the application and ended with the order of dissolution. When that order was made the matter was at an end and the proceeding and parties were, save for the possibility of appeal, out of court. The order could not be regarded as in any sense an interlocutory one made in progress of the pending suit. That progress was not concerned with or in any way affected by it. The order made final disposition of a judicial or *quasi*-judicial proceeding authorized by statute, and therefore was a final judgment within the meaning of our statutes regulating appeals." Similarly, prejudgment remedy proceedings pursuant to the provisions of Public Act 73-431 are not involved with the adjudication of the merits of the action brought by the plaintiff or with the progress or result of that adjudication. They are only concerned with whether and to what extent the plaintiff is entitled to have property of the

defendant held in the custody of the law pending adjudication of the merits of that action. The hearing on the application for the prejudgment remedy is a separate and distinct statutory judicial proceeding which is terminated by the order of the court rendered as a result of its determination of a narrowly restricted question, viz., "whether or not there is probable cause to sustain the validity of the plaintiff's claim." The decision of the court in the separate and distinct proceeding prescribed by Public Act 73-431 concludes the rights of the parties as to the available prejudgment remedy so that further proceedings in the determination of the merits of the action alleged in the plaintiff's complaint cannot affect them. We conclude that the order is a final judgment from which an appeal may be taken. In addition to the cases which we have already cited, see also: *State* v. *Roberson,* 165 Conn. 73, 82, 327 A.2d 556; *Morganti* v. *Abramson,* 141 Conn. 176, 178, 104 A.2d 354; *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 84 A.2d 681; *Potter* v. *Appleby,* 136 Conn. 641, 643, 73 A.2d 819; *Wardell* v. *Killingly,* 96 Conn. 718, 722, 115 A. 539; and note, 19 A.L.R.2d 640–89. Thus, the orders issued on the applications under Public Act 73-431 in both cases and the order denying the application for appointment of a receiver in the *Dorado* case are properly before us on appeal.

In the *Hansen* case, the plaintiff's motion to dismiss the appeal included the additional claim that it should be dismissed pursuant to the provisions of § 696 of the Practice Book on the ground that the defendants have failed to prosecute their appeal with proper diligence. There is merit to this ground of the motion to dismiss. The record discloses noth-

ing done by the defendants to perfect their appeal since their motion for stay dated August 27, 1973, was denied.

In the *Hansen* case, the motion to dismiss is granted.

In the *Dorado* case, the motion to dismiss is denied.

In this opinion the other judges concurred.