[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
On May 20, 1994, the plaintiff filed an Application for a Prejudgment Remedy (PJR) and supporting documents which included an unsigned summons and complaint, pursuant to Connecticut General Statutes § 52-278a, et seq., and duly served them on the named defendant.[1] A hearing was scheduled for June 9, 1994. The defendant filed an appearance on that day, but the plaintiff was not prepared to proceed, and the matter was marked "off", as it was on the two subsequent dates on which it was rescheduled, July 7 and August 8, 1994. The PJR has in fact never been heard or otherwise adjudicated.
In August, the plaintiff had a sheriff send to the named defendant's attorney by first class mail a signed summons and complaint, bearing the same docket number as that assigned to the PJR application and with a September 6, 1994 Return Date. Grant's attorney received these documents on or about August 5, and they were returned to court on August 26, 1994. On October 19, 1994, the defendant moved to dismiss, alleging improper service in that her attorney had never agreed to accept service on her behalf.[2] The plaintiff does not dispute that the attorney had not agreed to accept service but argues instead that the Motion to Dismiss is not timely.
The defendant filed an appearance in connection with the PJR action on July 9 and never moved to withdraw it. When she endeavored to file her first Motion to Dismiss on September 27, 1994, she did not file a separate appearance but clearly acted on the appearance filed in July. Similarly, the present CT Page 106 Motion to Dismiss was not accompanied by a new appearance, and it is clear that the defendant's counsel links his right to act on his client's behalf with respect to this matter to the appearance he filed in July. That appearance became effective with respect to the summons and complaint (as distinguished from the PJR) on the date that they were returned to court, August 26, 1994. Thus, the defendant did not move to dismiss until more than thirty days had passed since the effective date of her appearance. As Practice Book § 142 requires the filing of a Motion to Dismiss within 30 days after the filing of an appearance, the instant motion comes too late.
The defendant has argued, however, that the underlying PJR application must be construed as having been withdrawn, pursuant to General Statutes § 52-278j, which states that if a hearing is not commenced within 30 days of the date on which such a hearing is scheduled, "the court shall order the application to be considered as having been withdrawn." On that basis, she claims, there was no case pending, and her appearance does not relate back to the date of its original filing. See, NorwalkBank v. Tomborello, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 28 60 07 (March 16, 1992) (Spear, J.). Even if this were 80, however, "[I]f the plaintiff did not comply with the notice provisions of [52-278a et seq.], the remedy it should lose is the right to the statutory prejudgment remedy, not the right to continue the underlying and completely separate common law right to sue on a note." TheConnecticut National Bank v. W.F. Shuck Petroleum Co.,10 Conn. L. Rptr. 547 (December 21, 1993, Corradino, J.).
 [P]rejudgment remedy proceedings . . . are not involved with the adjudication of the merits of the action brought by the plaintiff or with the progress or result of the adjudication. They are only concerned with whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action. The hearing on the application for the prejudgment remedy is a separate and distinct statutory judicial proceeding which is terminated by the order of the court rendered as a result of its determination of a narrowly restricted question . . . . The CT Page 107 decision of the court in the separate and distinct proceeding prescribed by [the prejudgment remedy statutes] concludes the rights of the parties as to the available prejudgment remedy so that further proceedings in the determination of the merits of the action alleged in the plaintiff's complaint cannot affect them.
Id., 547-48, quoting E.J. Hansen Elevator, Inc. v. Stoll,167 Conn. 623, 629, 356 A.2d 893 (1975).
More significantly, the first time the PJR hearing was scheduled to go forward and did not, it was rescheduled by agreement and within 30 days. On the second scheduled date, the parties also agreed to a continuance, and the matter reappeared on the calendar, albeit 32 days later. Although the hearing was never reclaimed, the present summons and complaint were "served" and filed, and the return date passed, prior to the expiration of an additional 30 days. Given these agreed-upon postponements, the fact that the hearings were rescheduled within or at least nearly within a 30-day period of each other and that the summons and complaint were filed within 30 days of the last scheduled PJR hearing, the defendant's claim that the PJR should be deemed to have been withdrawn rings hollow. Moreover, even if it were arguable that the court ought to have ordered the matter withdrawn, it was not asked to do so and in fact did not do so. A prejudgment remedy should not be deemed withdrawn until the court actually so orders. See, Old Coach Auto and Truck Repair,Inc. v. Anthony Brocuglio, 14 C.L.T. 38, page 718 (August 3, 1988) (Zoarski, J.). If the legislature had wished to provide that under certain circumstances a PJR could be deemed to have been withdrawn without any order of the court, it could easily have done so.
Because the defendant failed to move to dismiss the complaint within 30 days of the effective date of her appearance, as required by Practice Book § 142, the Motion to Dismiss is denied.
Jonathan E. Silbert.[,] Judge