[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the State of Connecticut from the decision of the Family Support Magistrate (the Honorable Bethany Alvord) marking off on the court's own motion the petitioner's action for child support from the respondent. The magistrate marked the matter off on March 16, 1999, having ruled that the petitioner had presented insufficient information to permit the court to find that the defendant had received service of process.
The action was commenced on August 24, 1998 by a paternity petition brought on behalf of the State of Connecticut pursuant to Section 46b-162 of the Connecticut General Statutes alleging in a verified petition that the defendant is the father of Alexander Rivera, born May 13, 1994 to Gloribel Rivera and that he resided at a specified apartment in Hartford. The petition was accompanied by a summons and order for hearing and notice requiring that the defendant be served in hand, at his abode, or at his place of employment pursuant to Section 52-57 (f) of the Connecticut General Statutes. It was returned to court with a sheriff's return certifying that the process was left at the defendant's place of abode, which was the same address listed in the verified petition.
At the first court hearing, Magistrate Lifshitz continued the case to enable the petitioner to obtain a military affidavit regarding the non-appearing defendant but made no inquiries or orders regarding service of process. After several continuances, the matter was heard by the court on March 16, 1999. After the court found that the defendant was not in the military service, the court asked Ms. Rivera if she knew where Mr. Flores "lives." Upon learning that she did not, the court asked the assistant attorney general representing if he knew. He replied that the CT Page 5869 state was not required to provide independent verification of the defendant's residence address, asserting that the attested return by the sheriff is sufficient. The court ruled:
". . . the Court cannot find sufficient service based on today's testimony." Transcript, March 16, 1999, p. 4. The court then "marked the matter off for insufficient service."
The court did not dismiss the action, but refused the state's repeated insistence that the matter go forward.
The court finds that the petitioner has standing to appeal, that the petitioner was aggrieved by the ruling of the magistrate, and that the appeal was timely. There are two remaining issues implicated in this appeal, whether the magistrate erred in ordering the petitioner to provide independent verification of the defendant's address where the sheriffs return certified that service was made at the defendant's usual place of abode, and whether the magistrate's ruling was a final decision from which an appeal could be taken.
In a civil action, process must be served by leaving a true and attested copy of it with the defendant or at his usual place of abode. Connecticut General Statutes, Section 52-57 (a). In actions concerning child support other than actions for the dissolution of marriage, service can also be made upon the defendant's employer, either by certified mail or by personal service upon the employer. Connecticut General Statutes, Section52-57 (f). The sheriff's return is prima facie evidence of the facts stated therein, Jenkins v. Bishop Apartments. Inc.,144 Conn. 389, 390 (1957), and there is a presumption that the matters stated in the return are true. Standard TallowCorporation v. Jowdy, 190 Conn. 48, 53 (1983). In part, the presumption may exist because there are numerous protections in the statutes against "unfaithfulness, malfeasance, wrongdoing, misfeasance, or neglect" on the part of the sheriff. See, e.g., Connecticut General Statutes, Sections 6-30, 6-30a, 6-32. Regardless of why the presumption exists, however, it is part of a statutory scheme adopted by the legislature governing the service of process as interpreted by the Supreme Court, and lower courts are mandated to act in compliance with that scheme.[1]
Courts are entitled to inquire into the basis of their jurisdiction. Where, as here, the plaintiff stated in response to the court's questioning that she did not know where the defendant CT Page 5870 lived, the presumption afforded to the accuracy of the sheriffs return is not rebutted. See, Hernandez vs. Orengo, Docket No. FA 98 0624838, Judicial District of Hartford, Bishop, J., 11/9/98;Commissioner of Social Services (Wanda Rivera-Santos) vs. LuisTorres, Docket No. FA 98 0625605, Judicial District of Hartford, Gruendel, J. 3/23/99.
Whether the magistrate's decision concerning the sheriffs return constitutes reversible error depends in part on whether the magistrate's sua sponte decision to mark the matter off constitutes a final decision from which an appeal can be taken.
 It is axiomatic that the jurisdiction of an appellate tribunal is limited to appeals from judgments that are final. The mortar that creates the bind is our policy "to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial level." Burger Burger. Inc. v. Murren, 202 Conn. 660, 663 522 A.2d 812
(1987). We acknowledge that in some instances it is unclear whether an order is an appealable final judgment and that there are grey areas between judgments that are undoubtedly final and others that are clearly interlocutory. E.J. Hansen Elevator. Inc. v. Stoll, 167 Conn. 623, 627, 356 A.2d 893 (1975).
Cardona v. Negron, 53 Conn. App. 152, 156 (1999); also see,Connecticut Practice Book, Section 61-1 ("An aggrieved party may appeal from a final judgment, except as otherwise provided by law.").[2] If the order is clearly a final order, such as a dismissal of the action, it is undeniably subject to appeal. If the order is interlocutory, it is appealable:
 (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them.
State v. Curcio, 191 Conn. 27, 31 (1983).
In this case, the court did not dismiss the action despite an inquiry from the clerk as to the disposition of the case and several entreaties from the state seeking in effect that the court enter an order dismissing the case. Rather, the court marked the case off for want of independent verification of the defendant's address. The magistrate said, "If you [the petitioner] don't have that independent verification, the Court will not hear this case." Transcript, March 16, 1999, p. 5. While the magistrate's decision to mark the matter off is troubling, it CT Page 5871 cannot be said to be a final decision. It does not terminate the proceeding or conclude the rights of the parties. The petitioner can go forward at any time until the matter reaches a final judgment.
Accordingly, the appeal is dismissed.
BY THE COURT,
Gruendel, J.