[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT #106 and #109
On these motions the plaintiff admits that she did not comply strictly with the notice requirements of G.S. § 49-8(c) because she did not send a written request for release of the mortgage by registered or certified mail as the statute expressly required at the time (1992). Notwithstanding, she argues that the spirit of the statute was fulfilled because the mortgagee received a written request for release of the mortgage by letter which she infers from the fact that the pay off check was promptly cashed by the mortgagee upon receipt of the written request enclosing the check.
The plaintiff advances two cases to support her claim that she substantially complied with the statute and that the letter form of request, sent federal express, was the functional equivalent of registered or certified mail. The first is, SkorpiosProperties, LTD. v Waage 172 Conn. 152, (1976) and the other isVogel v. ITT Residential Capital Corp. CV94046549S J.D. Ansonia/Milford at Milford, June 7, 1995 (Curran, J.). Neither case is controlling. This case on the other hand is governed byGuilford Yacht Club Association, Inc. v. Northeast Dredging,Inc., 192 Conn. 10 (1984).
The issue in that case was whether the plaintiff had satisfied its burden of proof that it had complied with G.S. § 49-51 in its attempt to discharge two judgment liens on its real property. A comparison of G.S. § 49-51 with § 49-8(c) reveals a remarkable similarity of purpose and procedural requirements. Of the former statute the court stated at page 13:
 "Not unlike the dissolution of an attachment, the discharge of CT Page 4864-s a lien is a `statutory proceeding'. . . . The statute confers a definite jurisdiction upon a judge and it defines the conditions under which such relief may be given. . . . In such a situation jurisdiction is only acquired if the essential conditions prescribed by statute are met. If they are not met, the lack of jurisdiction is over the subject-matter and not over the parties" D'Andrea v. Rende, 123 Conn. 377-380, 195 A. 741 (1937). The "essential condition" of an action under General Statutes § 49-51 is "written notice to the lienor sent to him at his last-known address by registered mail or by certified mail, postage prepaid, return receipt requested, to discharge the lien in the office where recorded," (Emphasis added.) As the moving party, the plaintiff had the burden of establishing compliance with this statutory requirement.
This court finds that this analysis controlling as to G.S. § 49-8(c). The court further finds that the plaintiff in this case has not complied with the delivery requirement of the statute as it was written in 1992. On the basis of the Guilford Yacht Club case, supra, there is no genuine issue of fact or law that the court has no jurisdiction to entertain this statutory proceeding.
Plaintiff's motion is denied. The defendant's motion is granted.
BY THE COURT,
Mottolese, Judge