**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| DAIJE A. HARRIS, | : | |
| | : | C.A. No.: K24C-07-034 JJC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE STATE UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

Submitted: January 14, 2025
Decided:　 January 15, 2025

## <u>ORDER</u>

On this 15th day of January 2025, having considered Defendant Delaware State University's (the "University's") motion to dismiss, and various motions filed by Plaintiff DaiJe Harris, it appears that:

1. Ms. Harris filed a complaint, *pro se*, alleging various causes of action relating to (1) her time as a student at the University and (2) the University's refusal to provide her a transcript. As relief, she seeks ten million dollars in damages and injunctive relief. Contemporaneously with her complaint, she filed a procedurally inappropriate motion for summary judgment. The University then filed a motion to dismiss her complaint. The Prothonotary emailed Ms. Harris a letter on September 23, 2024, directing her to file a response to the motion to dismiss on or before October 7, 2024. She declined to file a written response.

2.     Ms. Harris later filed a combined motion seeking various forms of relief that the Delaware Superior Court Civil Rules do not permit.  Within that motion, she seems to ask the judicial officer, and the civil case manager assigned to her case, to recuse themselves unless they file a response to the motion under oath.   Given her references to requested recusal, the Court has performed the two-step analysis required by *Los v. Los.*[1]  The Court harbors neither subjective bias for or against either party and there is  no objectively  apparent  bias.   As a result, recusal is inappropriate.   The remainder of the types of relief requested in Ms. Harris' combined filing are procedurally out of sequence or cannot be granted pursuant to pretrial motion practice.

3.     Presently, the University seeks dismissal of Ms. Harris' various claims pursuant to Delaware Superior Court Civil Rule 12(b)(6).  As previously mentioned, Ms. Harris declined to file a written response.  Then, when the Court notified her of the date and time for an oral argument, she emailed the Prothonotary's Office indicating she refused to participate.[2]  Even when providing Ms. Harris the laxity due a *pro se* litigant, her failure to respond to the University's motion makes it appropriate for the Court to grant it as unopposed.

WHEREFORE, for the aforementioned reasons, Defendant Delaware State University's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

/s/Jeffrey J Clark
Resident Judge

*Via File & ServeXpress*
*U.S. Mail to Daije A. Harris*

---

[1] 95 A.2d 381 (1991).
[2] D.I. 27.