JOHN P. IANNOTTI, DIRECTOR OF HEALTH OF THE TOWN OF PLAINVILLE *v.* ADAH C. TURNER

FILE NO. 27

ANTHONY CAPARRELLI, BUILDING OFFICIAL AND ZONING ENFORCEMENT OFFICER OF THE TOWN OF PLAINVILLE *v.* ADAH C. TURNER

FILE NO. 28

APPELLATE SESSION OF THE SUPERIOR COURT

Argued June 10—decided July 28, 1975

*John C. Kucej,* for the appellant (defendant).

*Stuart M. Schimelman,* for the appellees (plaintiffs).

PER CURIAM. The issue in each case is identical and will be considered in this one opinion. We dismiss this appeal of our own motion for lack of jurisdiction. Practice Book § 563.

The plaintiffs, John P. Iannotti, director of health of the town of Plainville, and Anthony Caparrelli, building official and zoning enforcement officer of the town of Plainville, brought actions against the defendant, seeking mandatory injunctions, other equitable relief, and damages. The Iannotti action was returned to the Court of Common Pleas in Hartford County and the Caparrelli action to the Circuit Court in the seventeenth circuit. On motion of the defendant, the actions were consolidated in the Court of Common Pleas in Hartford County. On May 15, 1974, judgment was entered for each plaintiff against the defendant in accordance with a stipulation of the parties, and execution of judgment was suspended until September 30, 1974. On motion of the defendant, the judgment of May 15, 1974, was opened on November 22, 1974, and the execution thereof suspended until January 5, 1975.

The judgment was never appealed by the defendant. On January 10, 1975, the defendant moved for further extension of time to comply with it, and on January 13, 1975, the plaintiffs moved the court

for an order of execution in accordance with the judgment rendered on November 22, 1974. On January 24, 1975, the plaintiffs' motion was granted, and the motion of the defendant was denied. The defendant is now in this court appealing the rulings on the motions.

This court has no jurisdiction because the rulings on the motions were not final actions or judgments. Final judgment had been rendered on November 22, 1974, and was not appealed by the defendant. Appeals to the Appellate Session of the Superior Court may be taken only from final judgments or actions of the Court of Common Pleas in accordance with § 52-6a (formerly § 51-265) of the General Statutes. See *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 626; *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 291.

The appeal in each case is dismissed by the court suo motu.

SPEZIALE, A. ARMENTANO and SPONZO, Js., participated in this decision.