## STATE OF CONNECTICUT *v.* HOWARD D. BARNES

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1110

Argued October 19 – decided December 4, 1981

*Todd D. Fernow,* law student intern, and *Jerrold H. Barnett,* public defender, for the appellant (defendant).

*Samuel J. Sferrazza,* assistant state's attorney, for the appellee (state).

DALY, J. In a two-count information, the defendant was accused of conspiracy to commit larceny in the fourth degree, in violation of General Statutes § 53a-48 and § 53a-125 (current version at General Statutes § 53a-119), and criminal trespass in the first degree, in violation of General Statutes § 53a-107. On July 3, 1980, the trial court granted the defendant's

application for accelerated rehabilitation and ordered that his probation period continue until January 5, 1981.

On January 5, 1981, the court held a hearing to determine whether the defendant had successfully completed his probationary period as required by the accelerated rehabilitation program. At that time, the assistant state's attorney presented the court with a probation report, dated December 26, 1980, in which the defendant's probation officer stated that the defendant had "not conducted himself in a satisfactory manner" and had "been in further difficulty with the law." Specifically, the probation officer noted that on October 29, 1980, the defendant had been arrested and charged with larceny in the fourth degree. The court continued the hearing until February 5, 1981 to consider whether the defendant's October 29 arrest should justify termination of the defendant's participation in the accelerated rehabilitation program.

At the February 5 hearing, the court received testimony from the defendant's probation officer, Dominick Popillo, and admitted his December progress report, describing the October arrest, as an exhibit. Officer Popillo further testified that the defendant had been arrested again on January 30, 1981,[1] on charges of assaulting a person over sixty years of age, robbery in the second degree and burglary in the first degree. At the date of the February 5 hearing, however, the defendant had not been convicted of any of the specified charges; moreover, no claim was made that the defendant had violated any specific conditions of the probation. Nevertheless, at the conclusion of the hearing, the trial court rescinded the defendant's accelerated rehabilitation status, reasoning that the defendant had not "successfully completed this term of probation under the A/R [accelerated rehabilitation] program."

---

[1] We note that this arrest occurred after the expiration of the defendant's participation in the accelerated rehabilitation program.

The defendant has appealed from the revocation of his eligibility for dismissal of charges under accelerated rehabilitation, contending that mere proof of his arrests on undisposed charges while on accelerated rehabilitation did not provide a sufficient basis to support a finding that he had not satisfactorily completed his probation.

We may not consider the merits of the defendant's appeal unless we first ascertain that the decision sought to be appealed from is a final judgment. *State v. Asherman,* 180 Conn. 141, 142–43, 429 A.2d 810 (1980); *State v. Bell,* 179 Conn. 98, 99–100, 425 A.2d 574 (1979). Although the finality of a judgment as a condition precedent to the taking of an appeal is well settled, the determination whether a particular judgment is final has prompted much litigation. See, e.g., *Iannotti v. Turner,* 32 Conn. Sup. 573, 575, 346 A.2d 114 (1975). The spectrum of judgments falling in the gray area between those decisions which are obviously final and appealable, and those which are interlocutory and clearly nonappealable, has caused our Supreme Court to formulate standards by which to determine the finality of a judgment. *E.J. Hansen Elevator, Inc. v. Stoll,* 167 Conn. 623, 626, 356 A.2d 893 (1975). Pursuant to one standard, a judgment is final if it "terminates a separate or distinct proceeding." *Monroe v. Monroe,* 177 Conn. 173, 176, 413 A.2d 819 (1979), citing *Dewart v. Northeastern Gas Transmission Co.,* 139 Conn. 512, 514, 95 A.2d 381 (1953). Another standard would render final a judgment which "concludes the rights of the parties so that further proceedings in the determination of the merits of the action alleged in the plaintiff's complaint cannot affect them . . . ." *City National Bank v. Davis,* 181 Conn. 42, 45, 434 A.2d 310 (1980), citing *E.J. Hansen Elevator, Inc. v. Stoll,* 167 Conn. 623, 630, 356 A.2d 893 (1975); *Prevendini v. Mobil Oil Corporation,* 164 Conn. 287, 292, 320 A.2d 797 (1973).

Although we have not previously assessed the finality of a judgment refusing dismissal under the accelerated rehabilitation program, we recently held, on October 30, 1981, that a decision to deny an application for accelerated rehabilitation status is final for appeal purposes. *State* v. *Whitney,* 37 Conn. Sup. 864, 440 A.2d 987 (1981). Our Supreme Court has allowed an appeal to be taken from the denial of an application for accelerated rehabilitation. See *State* v. *Spendolini,* Docket No. 10384, Supreme Court (November 5, 1980) (denial of motion to dismiss appeal).

If the denial of an application for accelerated rehabilitation may be considered a final judgment, revocation of eligibility for dismissal under the accelerated rehabilitation program should certainly be deemed final for appeal purposes. Mindful of the qualitative difference that exists between losing a privilege one already has and not obtaining a privilege one is seeking, the United States Supreme Court has held that it requires more to revoke parole than it does to obtain parole release. *Greenholtz* v. *Nebraska Penal Inmates,* 442 U.S. 1, 9–10, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). Similarly, there must be greater reason to revoke participation in the accelerated rehabilitation program than to deny an application for accelerated rehabilitation. Accordingly, we hold that a judgment revoking eligibility for dismissal under the accelerated rehabilitation program is final for purposes of appeal.

General Statutes § 54-56e provides that a defendant who enters the accelerated rehabilitation program "shall appear in court and shall be released to the custody of the office of adult probation for such period, not exceeding two years, and under such conditions as the court shall order . . . . If such defendant satisfactorily completes his period of probation, he may apply for dismissal of the charges against

him . . . ." Accelerated rehabilitation is a specialized form of probation. *People* v. *Superior Court of San Mateo County,* 11 Cal. 3d 59, 66, 520 P.2d 405 (1974); *State* v. *Leonardis,* 71 N.J. 85, 109, 363 A.2d 321 (1976); *Commonwealth* v. *Kindness,* 247 Pa. Super. 99, 122, 371 A.2d 1346 (1974) (Hoffman, J., concurring); see 16 H.R. Proc., Pt. 11, 1973 Sess., p. 5713 (remarks of Rep. Freedman). Thus, participation in the accelerated rehabilitation program may continue until the defendant violates conditions of probation either established by the sentencing court or contained within pertinent statutes. *State* v. *Roberson,* 165 Conn. 73, 76, 327 A.2d 556 (1973). Where, as here, the sentencing court has not specified probation conditions, we must look to the statutes to discern the applicable conditions of probation.

Although § 54-56e allows a defendant to apply for dismissal of charges where he "satisfactorily completes his . . . probation," the statute itself contains no guidelines by which to determine what constitutes a satisfactory completion of probation. General Statutes § 53a-30 (a) contains standard conditions of probation;[2] of these, only subsection (7), which requires a defendant on probation "to refrain from violating any criminal law of the United States, this state or any other State," is relevant.[3]

---

[2] We assume arguendo that the office of adult probation required the defendant to comply with the standard terms of probation in accordance with General Statutes § 53a-30 (b), which provides that "[w]hen a defendant has been sentenced to a period of probation, the office of adult probation may require that the defendant comply with any or all of the conditions which the court could have imposed under subsection (a) which are not inconsistent with any condition actually imposed by the court."

[3] General Statutes § 53a-29 (a) provides that the "court may sentence a person to a period of probation upon conviction of any crime . . . ." The word "conviction" ordinarily signifies the finding of the jury by verdict that the prisoner is guilty. *Quintard* v. *Knoedler,* 53 Conn. 485, 487, 2 A. 752 (1885). Because accelerated rehabilitation is, by definition, a form of pretrial probation, the probation period precedes conviction. We presume, however, that the legislature acted in view of existing relevant

In applying this probation condition, the trial court could properly have revoked the defendant's eligibility for dismissal under accelerated rehabilitation upon a showing that the defendant violated any of the state's criminal laws. To evaluate the trial court's action, then, the pivotal issue before us is whether mere arrest on undisposed charges provides a sufficient base from which to conclude that the defendant violated a criminal law.

At the outset we note that although evidence of the defendant's two arrests was hearsay, it was nevertheless admissible. Because hearings of this nature are not full adversary proceedings and tend to be less formal, strict rules of evidence do not apply. *United States* v. *Weber,* 437 F.2d 1218, 1221 (7th Cir.), cert. denied, 402 U.S. 1008, 91 S. Ct. 2189, 29 L. Ed. 2d 430 (1971). Thus, hearsay evidence which is both supported and reliable is fully admissible and available to the court when rendering its decision. *State* v. *White,* 169 Conn. 223, 240, 363 A.2d 143 (1975). Moreover, where, as here, the content of the hearsay testimony was admitted without objection, "it became and remains 'evidence in the case, subject, of course, to any infirmative suggestions due to its inherent weakness.'" *Danahy* v. *Cuneo,* 130 Conn. 213, 217, 33 A.2d 132 (1943), citing 4 Chamberlayne on Evidence, § 2701.

We hold, however, that the mere arrest of the defendant, without more, is an insufficient ground for revoking the defendant's eligibility for dismissal of charges pursuant to the accelerated rehabilitation program. See *United States* v. *Lewis,* 475 F. Sup. 156, 157 (E.D. Mich. 1979); *Free* v. *State,* 392 So. 2d 857, 859 (Ala. Crim. App. 1980). Accordingly, we conclude that the trial court erred in finding that the

statutes and that it intended to create one consistent body of law. *Farms Country Club, Inc.* v. *Carini,* 172 Conn. 439, 444, 374 A.2d 1094 (1977). Thus, we presume that the probation conditions embodied in § 53a-30 (a) apply to both pre- and post-trial probationary periods.

defendant had not satisfactorily completed the conditions of his accelerated rehabilitation program solely because of charges which had not been disposed of at the time of the hearing.

There is error, the judgment is set aside and the case is remanded to the trial court for proceedings not inconsistent with this opinion.

In this opinion SHEA and COVELLO, Js., concurred.