In re John CORNELL, Debtor.

John CORNELL, Plaintiff,

v.

DIRECTOR, OFFICE OF ADULT PRO-
BATION; Director, Division of Crimi-
nal Justice, Judicial Department; Jerry
Esposito, Prosecutor, Defendants.

Bankruptcy No. 5-84-00357.

Adv. No. 5-84-0094.

United States Bankruptcy Court,
D. Connecticut.

Nov. 30, 1984.

As Amended March 6, 1985.

Francis X. Dineen, Joanne S. Faulkner,
New Haven Legal Assistance Ass'n, Inc.,
New Haven, Conn., for plaintiff.

Carl Schuman, Asst. State's Atty., Wall-
ingford, Conn., for defendants.

## MEMORANDUM AND ORDER ON RES-
TITUTION ORDERS AS A CONDI-
TION OF ACCELERATED REHA-
BILITATION AND PROBATION

ALAN H.W. SHIFF, Bankruptcy Judge.

The plaintiff/debtor seeks, *inter alia*, a
finding that the defendants are in civil con-
tempt for their efforts to enforce a Decem-
ber 19, 1983 order granting Accelerated
Rehabilitation in connection with his arrest
on a charge of operating a motor vehicle
without insurance, Conn.Gen.Stat. § 38-
327(d), and a determination of the dis-
chargeability of a restitution obligation im-
posed upon him on November 14, 1984 by
the Connecticut Superior Court as a condi-
tion of probation.[1]

---

1. The plaintiff refers to both the obligation aris-
ing out of the granting of Accellerated Rehabili-
tation and the obligation of the November 1984
sentencing as "the restitution debt." The obliga-
tions were never coexistent and they arise out of
separate orders of the Superior Court. This
court finds no merit in treating the two obliga-
tions as one.

## BACKGROUND

On October 15, 1983, the plaintiff and Donald Young were involved in a motor vehicle collision. He was thereafter arrested for operating without insurance and on several charges relating to the collision. On December 19, 1983, the plaintiff's application for Accelerated Rehabilitation (AR), Conn.Gen.Stat. § 54–56e, was granted on the count relating to his operating without insurance, and the plaintiff was placed on probation for two years on the condition that he pay $3,381.31 in monthly installments to Donald Young.[2]

The plaintiff filed a bankruptcy petition on May 14, 1984. On May 18, 1984, the plaintiff's attorney gave the Milford office of the defendant Director, Office of Adult Probation (OAP) written notice of that petition and requested that the OAP "forego or stay any activities" relative to the enforcement of the AR order "pending decision of the issue by the Bankruptcy Court in several cases involving other persons who had similar restitution debts."[3] However, upon the plaintiff's failure to comply with the condition of probation, the OAP requested the State Court to terminate the AR. On May 24, 1984, the State Court terminated the AR, and on June 6, 1984, the plaintiff commenced this adversary proceeding. On November 14, 1984, the plaintiff entered a plea of *nolo contendere* in State Court to the charge of operating without insurance[4] and was sentenced to a ninety day incarceration, execution of which was suspended, and the plaintiff was placed on probation for one year on the condition that he pay $3,381.31 in monthly

installments to the State of Connecticut. The plaintiff obtained a discharge by the September 25, 1984, order of this court.

## DISCUSSION

### A

## RESTITUTION AS A CONDITION OF ACCELERATED REHABILITATION

█ As noted, the plaintiff claims that the defendants' post petition activities to enforce the State Court order of restitution as a condition of AR constituted civil contempt for violation of the automatic stay, 11 U.S.C. § 362(a).[5]

Restitution as a condition of AR is indistinguishable from restitution as a condition of a sentence of probation. In this case, the plaintiff applied for and was granted AR on a count relating to the charge that he failed to maintain insurance. The failure to maintain automobile insurance or equivalent security is a class C misdemeanor in Connecticut, Conn.Gen.Stat. § 38–327(d), and a misdemeanor is a crime. Conn.Gen.Stat. § 53a–24(a).

By its express terms, Code § 362(b)(1) exempts the operation of the automatic stay from "the commencement or continuation of a criminal action or proceeding against the debtor." The plaintiff's argument that failure to maintain insurance is not the type of crime within the purview of Code § 362(b)(1) because it involves the operation of a motor vehicle is unfounded. *See State v. Anonymous*, (1980–5), 36 Conn.Sup. 527, 416 A.2d 168 (Conn.Super. Ct.App.Sess.1980). Connecticut has classi-

---

2. Conn.Gen.Stat. § 54–56e provides that an accused who is granted AR "shall be released to the custody of the office of adult probation ...", and in *State v. Barnes*, 37 Conn.Supp. 853, 439 A.2d 456 (Conn.Super.Ct.App.Sess.1981), the court held: "Accelerated Rehabilitation is a specialized form of probation." *Id.* at 857, 439 A.2d 456.

3. The *Pellegrino, Robinson,* and *Mead* cases to which the plaintiff's attorney refers have now been decided. *See* discussion, *infra.*

4. Plaintiff's Exhibit 13.

5. Code § 362(a) provides in pertinent part:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

fied that activity as a crime and § 362(b)(1) does not distinguish between types of crimes as to which a state may commence or continue a criminal action or proceeding against a debtor. As this court observed in *In re Pellegrino,* 42 B.R. 129 at 138 (D.Conn.1984),

> [F]ederal courts should use restraint when their decisions might interfere with traditional state functions. There is no more appropriate application of that policy than in the area of criminal law where states have a primary responsibility to promote the safety and welfare of their citizens through the enforcement of their criminal statutes. This policy, which extends to noninterference with state criminal proceedings, is endorsed by the Bankruptcy Reform Act of 1978 and its legislative history....

### B

### RESTITUTION AS A CONDITION OF PROBATION

The plaintiff further claims that the September 25, 1984, order of this court discharged the so-called restitution debt ordered by the State Court as a condition of probation and that post discharge actions by the defendants violated that discharge order.

■ A restitution obligation which arises as a condition to a sentence of probation is not a debt but a penalty imposed by a state to enforce its criminal statutes. Moreover, even if the obligation were a debt, it would be excepted from discharge under Code § 523(a)(7). *In re Pellegrino, supra,* 42 B.R. 129; *In re Robinson,* Adv.No. 5–84–0063 (D.Conn. September 4, 1984); *In re Mead,* 41 B.R. 838 (D.Conn.1984).

### ORDER

■ For the reasons herein stated, the defendants did not violate the automatic stay and are not in civil contempt, the obligation created by the November 14, 1984 restitution order of the State Court was not discharged by the September 25, 1984 order of this court, the plaintiff is not entitled to the injunctive relief, damages, costs, attorney's fees and other relief claimed in his amended complaint, and

It is SO ORDERED.