[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On November 26th in G.A.6 the State made a motion to terminate the defendant from his accelerated rehabilitation probation. The state made this motion based upon the defendant being arrested during the time of his probation. Thus, the issue is whether receiving a new arrest and not a conviction is a reason to terminate probation.
The defendant was placed on probation on November 26th, 1997. The new arrest, for larceny in the first degree, occurred on December 21st, 1998.
There are numerous cases stating that when a defendant is convicted on a new charge it constitutes an unsuccessful completion of the accelerated rehabilitation program. State v.Trahan, 45 Conn. App. 722, 697 A.2d 1153 (1997). However the case currently before the court deals with a arrest and not a conviction. According to State v. Barnes, 37 Conn. Sup. 853,439 A.2d 456 (1981) "the mere arrest of a defendant, without more is an insufficient ground for revoking the defendant's eligibility for dismissal of charges pursuant to the accelerated rehabilitation program."
Accelerated rehabilitation should continue until the defendant violates conditions of the AR. In the event the defendant is arrested during the probationary period the court should hold a hearing, which would be similar to a violation of CT Page 16052 probation hearing. The hearing should determine if the defendant had violated any of the actual terms of probation by committing a criminal offense. At the hearing, the burden of proof to be used should be that a violation of probation has been "established by reliable and probative evidence." Connecticut General Statute § 53a32(b) and State v. Davis, 229 Conn. 285, 292-93 (1994) In making its factual determination the court may consider, hearsay information, evidence of crimes with which the defendant was neither tried nor convicted, evidence of crimes for which the defendant was acquitted, and evidence of indictments or informations that were dismissed. If at the hearing it is determined that the defendant violated any conditions of probation, it shall be concluded that the defendant did not successfully complete the probation. If this is the case the defendant shall be terminated from AR probation.
Mr. Woods had a new arrest, but he was not convicted prior to the time in which his AR probation would have been completed. If he had been convicted, there is no question, that his AR probation would have been terminated.
The state's motion to terminate is denied at this time, without prejudice. The state may refile with the condition that a hearing needs to be held in order to determine the validity of the new arrest of the defendant, following the conditions outlined here in.
Howard T. Owens, Jr., Judge of the Superior Court