SEYMOUR B. KAPLAN ET AL. *v.* NEIL ELLIS
(2359)

TESTO, DUPONT and BORDEN, Js.

Argued January 3—decision released March 13, 1984

*Elliot B. Pollack,* with whom, on the brief, was *Stephen J. Seleman,* law student intern, for the appellants (plaintiffs).

*Dominic J. Squatrito,* with whom, on the brief, was *William J. Shea,* for the appellee (defendant).

PER CURIAM. The plaintiffs appeal[1] from the granting of the defendant's motion to dissolve a prejudgment real estate attachment by substitution of a lien on other real estate. The plaintiffs claim that the trial court erred (1) in finding that the defendant had standing to maintain the motion and (2) in substituting a lien on real estate, the net equity value of which exceeded the amount of the ex parte attachment, without considering the value of the property originally attached.

The defendant moved to dissolve the real estate attachment and to substitute a lien on other property in accordance with General Statutes § 52-304 (b).[2] The defendant owned the real estate, which was the subject of the ex parte attachment, at the time of that attachment but did not own it at the time of the hearing to dissolve the attachment, although he held a purchase money mortgage on it as of that date. A title insurance company had insured the purchaser of the realty against loss in the event of enforcement of the plaintiffs' real estate attachment and the defendant had agreed to indemnify the company in the event that the company suffered such a loss.

The trial court held that the defendant had standing to move to dissolve one lien and substitute another

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] "[General Statutes] Sec. 52-304. DISSOLUTION OF ATTACHMENT BY SUBSTITUTION OF BOND OR LIEN. When any estate is attached . . . the defendant may apply in writing to the court in which such action may be pending, or any judge thereof, to dissolve the attachment lien upon the substitution of . . . (b) a lien or any other property of the defendant which has an equal or greater net equity value than the amount secured by such attachment."

because of his personal stake in the outcome of the litigation. Standing is that doctrine which affords a party the right to request an adjudication of issues which affect him and his rights in particular. See *Shaskan* v. *Waltham Industries Corporation,* 168 Conn. 43, 49, 357 A.2d 472 (1975). General Statutes § 52-304 provides that when any real estate is attached the defendant may apply for a dissolution of that attachment. The statute does not provide that other persons, not involved in the particular litigation, may apply. The defendant had a statutory right which gave him standing to obtain redress. See *State* v. *Nardini,* 187 Conn. 109, 113, 445 A.2d 304 (1982). By virtue of his indemnification agreement with the title company, the defendant retained his interest in the attachment and thus his standing to pursue the remedy provided by General Statutes § 52-304 (b).[3]

The statute requires that the property to be substituted have "an equal or greater net equity value than the amount secured" by the original attachment. The plaintiffs argue that the quoted words should read as though they were "an equal or greater value than the property originally attached." The language of the statute is clear, precise and unambiguous. There is no necessity for any judicial construction of the statute. *Doe* v. *Manson,* 183 Conn. 183, 186, 438 A.2d 859 (1981). The plaintiffs are only entitled to security in an amount sufficient to protect payment of their damages in the event they eventually obtain a judgment against the defendant. They are not entitled to security in excess of their claim for damages.

There is no error.

---

[3] The plaintiffs also argue that not all interested parties were notified of the hearing to substitute another lien in place of the first, and that the present owner never consented to the removal of the attachment on its real estate. It can hardly be assumed that the present owner would complain of the dissolution of the attachment.