STEPHEN FEUSER ET AL. *v.*
RAYMOND O. LAMPRON ET AL.
(3098)

HULL, BIELUCH and GLASS, Js.

Argued November 25, 1985—decision released March 4, 1986

*Susan M. Angelica,* with whom, on the brief, were *Edward Muska* and *Thomas P. Arvantely,* for the appellant (named defendant).

*John M. Wyzik,* for the appellees (plaintiffs).

GLASS, J. The named defendant appeals from the trial court's denial of his motion to substitute a lien filed pur-

suant to General Statutes § 52-304. The issue raised is whether a court has discretion to deny a motion to substitute a lien after making a finding that the fair market value of the proferred real and personal property, less prior encumbrances, equalled or exceeded the value of the cash attachment. We hold that after making such a finding, the court has no discretionary basis for denying the motion.

The underlying action was instituted by the plaintiffs, Stephen and Bertha Feuser, against the defendants, Raymond Lampron and Linda Ruth Lampron, to collect money allegedly loaned by the plaintiffs to the defendants. The plaintiffs are the parents of Linda Lampron.[1]

Initially, the plaintiffs obtained an ex parte prejudgment remedy order of attachment in the amount of $65,000 against the defendants' interests in certain real property located in East Windsor, Connecticut. Subsequently, the plaintiffs obtained a judgment against Linda Lampron and a judgment lien was filed against her interest in the property. Raymond Lampron then sought a reduction of the prejudgment attachment by the amount of the judgment lien against Linda Lampron. The court reduced the attachment to $30,000. Thereafter, an unusual transaction occurred: the plaintiffs agreed to purchase the property from the defendants. In contemplation of the sale, the plaintiffs obtained a substituted prejudgment remedy order of attachment in the amount of $30,000 against the cash proceeds of the sale in lieu of the attachment against the real property interest of Raymond Lampron. The sale was consummated and Raymond Lampron thereafter purchased other real property in East Windsor. On January 9, 1984, Raymond Lampron filed a motion

---

[1] Mr. and Mrs. Lampron received money from the plaintiffs to purchase a house. The Lamprons claim the money was a gift. A default judgment was entered against Mrs. Lampron. She is not involved in this appeal.

in the trial court, seeking to substitute a $20,000 lien on the newly acquired real property in lieu of $20,000 of the $30,000 prejudgment remedy order against the cash money held in a bank account under the joint control of the plaintiffs' and the defendants' attorneys. The motion provided that the remaining $10,000 of the $30,000 lien was to continue to be in cash. Thus, the prejudgment remedy order would be against $20,000 of real property and $10,000 of cash money. At the hearing on his motion, Raymond Lampron adduced evidence that the newly acquired property had a fair market value of $112,000 and a liquidation value of $90,000. The parties agreed that the mortgage lien against the property amounted to $70,000. After finding for the plaintiff as to the fair market and liquidation values of the property, the trial court denied the motion on the basis of the instability of the real estate market.

The basic claim of Raymond Lampron is that the trial court erred in denying his motion for substitution after finding the equity in the real property was between $20,000 and $42,000. He claims that the value of the real property and the proposed cash lien would provide the plaintiffs with a lien on "other property of the defendant which has an equal or greater net equity value than the amount secured" by the cash attachment. See General Statutes § 52-304. We agree.

"The procedure for dissolution of attachment by substitution of bond or lien is found in General Statutes § 52-304, which provides that '[w]hen any estate is attached . . . the defendant may apply in writing to the court in which such action may be pending, or any judge thereof, to dissolve the attachment lien upon the substitution of (a) a bond with surety or (b) a lien on any other property of the defendant which has an equal or greater net equity value than the amount secured by such attachment.' " *Brainard* v. *Smyth Mfg. Co.,* 178 Conn. 250, 252, 423 A.2d 881 (1979). The purpose

of the statute is to prevent a plaintiff from abusing the prejudgment remedy of attachment by allowing the defendant to substitute either a lien or bond in lieu of the property originally attached. Id., 253. "The language of the statute is clear, precise and unambiguous. There is no necessity for any judicial construction of the statute. *Doe* v. *Manson,* 183 Conn. 183, 186, 438 A.2d 859 (1981)." *Kaplan* v. *Ellis,* 1 Conn. App. 368, 370, 472 A.2d 28 (1984). Moreover, a fair reading of the case law relating to General Statutes § 52-304 indicates that its provisions are not discretionary. In *Capobinco* v. *Samorak,* 102 Conn. 310, 316–17, 128 A. 648 (1925), our Supreme Court reviewed the then existing statutes concerning attachment and concluded that their provisions were mandatory. See General Statutes (Rev. to 1918) §§ 5884 through 5891.

Upon application pursuant to this statutory proceeding, the trial court may only review the request as to the sufficiency of the offered lien or bond. *Sachs* v. *Nussenbaum,* 92 Conn. 682, 688, 104 A. 393 (1918). In the present case, the trial court found that the property's fair market value, less a prior encumbrance, was $42,000. The trial court also found that the liquidation value, less the prior encumbrance, was $20,000. Either figure, coupled with the $10,000 lien on the defendant's bank account, equals or exceeds the $30,000 secured by the attachment. The trial court refused, however, to order the substitution because of the instability of the real estate market. We hold that the trial court's speculation as to fluctuating real estate values is not authorized by the plain wording of the statute, and we decline to expand such language.[2] Section

---

[2] Where a statute, such as the one governing attachments, infringes upon a person's common law right to alienate freely his property, " 'it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of construction.' " *Ahern* v. *New Haven,* 190 Conn. 77, 82, 459 A.2d 118 (1983), quoting *Edmundson* v. *Rivera,* 169 Conn. 630, 633, 363 A.2d 1031 (1975). It is not within the power of

52-304, requires the trial court to determine the property's "net equity value." In the present case, both the liquidation value and the fair market value equalled or exceeded the value of the attachment. The plaintiffs did not propose any alternative valuation at trial. As such, the value of the substitution should have been found sufficient.

The plaintiffs argue that the trial court could have found the lien inadequate by considering liquidation costs. The court made no such finding. Rather, it denied the request because the value of the security was subject to changing market conditions.

In *Brainard* v. *Smyth Mfg. Co.*, supra, 252, the Supreme Court held that the trial court's use of fair market value to grant the substitution pursuant to § 52-304 was proper. We now hold that the trial court's denial of the defendant's application for substitution, after finding that the fair market value equalled or exceeded the amount of the original attachment, was improper.

There is error, the trial court's denial of the named defendant's application to substitute a lien for the attachment is set aside and the case is remanded with direction to grant that application.

In this opinion the other judges concurred.

---

an appellate court to add to an otherwise clear and unambiguous statute, even if there appears good reason to do so. *Colli* v. *Real Estate Commission,* 169 Conn. 445, 452, 364 A.2d 167 (1975).

We acknowledge that the legislative debate concerning § 52-304 makes a reference to the exercise of judicial discretion in such matters. Such commentary from the floor of the legislature, however, may not add to the otherwise plain language of the statute. *Hayes* v. *Smith,* 194 Conn. 52, 57–58, 480 A.2d 425 (1984).