[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR FURTHER HEARING ON APPLICATION TO SUBSTITUTE PROPERTY
This court denied the original application to substitute property (number 106) on July 23, 1990. The denial was without prejudice and was based on a lack of evidence of current market value of the properties defendant proposed to substitute for the properties now under attachment.
The court granted defendants' motion for a further CT Page 1754 hearing to put on evidence of current market value. The parties agreed that the court could rely on the evidence from the previous hearing and the additional evidence to arrive at a decision.
Connecticut General Statutes 52-304 allows a substitution for property under attachment where the property offered has "an equal or greater net equity value than the amount secured by such attachment."
The court finds that the real property currently under attachment has a fair market value of $2,800,000.00. Mortgages on the properties total $1,226,000.00. Lafayette Bank has a $4,000,000.00 attachment junior to the mortgages. That case is Lafayette Bank Trust v. Jarvis, et al, docket number 272005 pending in the Fairfield Judicial District. The amount secured by that attachment is at issue.
The complaint in the Lafayette case alleges default on a $3,200,000.00 note and a $500,000.00 note. An affidavit dated August 9, 1990 states the total due under the notes are $3,835,032.00.
Lafayette Bank took a deed to property securing the larger debt in lieu of foreclosure. That property had a value of $2,600,000.00. Lafayette's outstanding claim is now $1,235,032.00. This yields a net equity of $338,968.00, the amount secured by the real estate attachments.; In addition, $272,000.00 was attached giving the attachment a total value of $610,968.00. Recapitulation shows:
Fair Market Value of Attached Realty $2,800,000.00 Less Mortgages -1,226,000.00
Less Lafayette Attachment ($3,835,032.00 less $2,600,000.00) -1,235,032.00
Net equity secured by plaintiff's attachment $ 338,968.00
Plus cash attached 272,000.00
Total secured by plaintiff's attachment $ 610,968.00
To obtain the requested relief defendant must offer property having "an equal or greater net equity value" than $610,968.00.
Based on all of the evidence, the court finds the CT Page 1755 following fair market values for the two properties offerer in substitution:
Fairfield III property $3,800,000.00
Fairfield IV property 4,100,000.00
Total Value $7,900,000.00
The encumbrances (mortgages) on these properties totals:
Fairfield III $3,720,803.00
Fairfield IV 3,459,469.00
Total Encumbrances $7,180,272.00
The net equity value of the offered property is:
Fair Market Value $7,900,000.00
Less encumbrances 7,180,272.00
Net Equity Value $ 719,728.00
Feuser v. Lampron, 6 Conn. App. 350, 354 (1986), makes it clear that, if the net equity value of the offered property equals or exceeds the amount secured by the attachment, the motion to substitute must be granted.
Plaintiff's argument that the net equity value of the offered property must equal or exceed the amount of plaintiff's attachment claim ($966,675.00) is contrary to the clear language and intent of Connecticut General Statutes 52-304. Under that theory, a plaintiff with a $100,000.00 claim who obtained an attachment order in that amount could attach a $1,000.00 bank account and successfully resist an offer to substitute real property having equity of $95,000.00.
What the statute says, in effect, is that if a plaintiff bank has a $100,000.00 attachment on property with equity, for example, of $40,000.00, it is only secured to the extent of $40,000.00. It cannot be harmed by a substitution of other property having an equity of $40,000.00 or more.
Kaplan v. Ellis, 1 Conn. App. 368 (1984), cited in support of plaintiff's argument, is inapplicable. In that case the offered property had a net equity value in excess of the plaintiff's claim. The court ruled that under those circumstances substitution was proper without even considering CT Page 1756 the value of the property originally attached. The court said that plaintiffs were not entitled to "security in excess of their damages." Id. at page 370.
For the foregoing reasons, the application is granted. Properties referred to as Fairfield III and Fairfield IV shall be substituted for the present attachment upon proof that defendant owns the properties.[1]
E. EUGENE SPEAR, JUDGE.