[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Ranko Santric has moved (#203) to substitute security pursuant to General Statutes 52-304 in this breach of contract action. When the plaintiffs applied for a prejudgment attachment of real estate the parties stipulated and agreed that certain funds would be held in escrow instead of the real estate attachment. The parties signed an agreement which stated, among other things, that; CT Page 6377 "[i]n lieu of funding such account, Defendant may elect, to provide Plaintiffs with a bond or letter of credit in the Escrow Amount." The account was funded and now the defendant Santric wishes to substitute a lien on property he owns in New Canaan, consisting of 2.118 acres, and obtain a release of the escrow funds.
The plaintiffs oppose this application on the ground that since the escrow agreement was entered into voluntarily, it is not an "attachment" and therefore the statute permitting substitution, General Statutes 52-304, is not applicable.
I disagree for several reasons, including the fact that the parties did not agree, as they could have, that there would be no substitution for the escrow account. They did indicate that "in lieu of" setting up an escrow account, this defendant could provide a bond or a letter of credit, but the escrow account was in fact created. Therefore it does not follow that only a bond or a letter of credit may be substituted; nor does the phrase to the effect that the funds shall remain in escrow until final judgment preclude substitution, as the parties could have but did not agree to preclude substitution.
Secondly, the court did approve and order the creation of the escrow account, which was set up as a substitution for the attachment. I do not agree that substitution of security may not be ordered where the parties voluntarily agree to a prejudgment remedy, rather than having it ordered by the court after a full hearing.
Furthermore, Feuser v. Lampron, 6 Conn. App. 350, 353 n. 2,505 A.2d 1272 (1986), points out that attachment statutes should receive a strict construction, as they infringe upon the right to freely alienate one's property.
It follows that a statute permitting substitution should be broadly construed.
It will now be necessary to analyze more precisely the value of the property proposed to be substituted, as the statute, 52-304 (b), indicates that the substituted lien must have a net equity value equal to or greater than the amount already currently secured. Accordingly, a hearing will be held at 2; 00 p.m. on Monday, August 5, 1991, at the miscellaneous calendar.
So Ordered. CT Page 6378
Dated at Stamford, Connecticut this 16th day of July, 1991.
WILLIAM B. LEWIS, JUDGE