[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO MODIFY PREJUDGMENT ATTACHMENT
Defendant Charles F. Seibold seeks a modification of a prejudgment remedy of attachment. He wants a lien released on one parcel of real property and offers another parcel as substitute security. Harbor Federal Savings and Loan Association opposes the motion for modification on the grounds the exchange will result in the bank not being fully secured and not being in the same position of priority as it presently enjoys. The court, having reviewed the evidence and the parties' claims, denies the motion for modification.
The plaintiff has attached two parcels to secure a claim for $310,000.00. One parcel, which is located at 45 Martin Lane in Easton, is worth $220,000.00. Since the defendant has a CT Page 9233 one-half interest in the parcel, the bank's attachment is worth $110,000.00. The second parcel is an unimproved lot known as parcel 1, 66 Sunny Ridge Road, Easton. This parcel is worth $210,000.00 and is not encumbered by any lien except the plaintiff's lien of attachment.
The defendant wants the lien on parcel 1, 66 Sunny Ridge Road, to be released. He offers as substitute security a lien on another parcel. The other parcel is described as parcel 2, 66 Sunny Ridge Road. The defendant's residence is located on this latter parcel. This property is encumbered by a first mortgage on which the mortgage debt is $692,000.00.
The parties dispute the market value of the replacement property. The defendant claims the property is worth $1,200,000.00 to $1,250,000.00. The plaintiff claims the property is worth $900,000.00.
The defendant presented testimony from an appraiser whose opinion as to value lacked a sufficient foundation. He relied upon inappropriate comparables. On the other hand, the appraiser called by the plaintiff gave a well grounded opinion. While the court has discretion to find a different value than that given by the appraisers, the court is of the opinion that the appraiser who testified on behalf of the plaintiff is correct. The court finds the market value of the defendant's residence and the lot on which it is situated to be $900,000.00.
Should the defendant's motion be granted, the plaintiff will lose as security unencumbered property which is worth $210,000.00. In exchange, the plaintiff will receive encumbered property in which the defendant's equity is $208,000.00. The relative position of the plaintiff as an attaching creditor will have changed. This change is a relevant factor for the court to consider. See Brainard v. Smyth Manufacturing Co., 178 Conn. 250,252 (1979). The quality of a lien which is behind a first mortgage is not the same as the quality of a lien on unencumbered property. Under the facts of this case, the change in the plaintiff's priority is significant. The offered lien is not sufficient security. The motion for modification is denied.
THIM, JUDGE