[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about July 1, 1987, the plaintiff Central Delivery Service of Washington, Inc. entered into an agreement with the defendant People's Bank to provide courier services to the defendant for a period of two years beginning on July 1, 1987. The defendant, pursuant to this agreement, agreed not to hire any of the drivers or supervisory personnel of the plaintiff for a period of twelve months after the termination of the contract. On June 30, 1989, the defendant retained W.R., Inc. to provide courier services in the area previously serviced by the plaintiff. Until May of 1989, W.R., Inc. was under a lease agreement with the plaintiff to provide courier services in the Greater Hartford area. The plaintiff claims that the defendant's action of hiring W.R., Inc. was a breach of the plaintiff's contract with the defendant. On or about June 15, 1989, the plaintiff agreed that in consideration for the defendant's promise to utilize the plaintiff's services for one additional year in the Bridgeport area, the plaintiff would not seek to enjoin W.R., Inc. from providing similar services in the Greater Hartford area. The plaintiff claims that this agreement was violated when the defendant terminated Central Delivery's contract on October 27, 1989.
The defendant People's Bank filed two special defenses. The first special defense claims that the contract between the plaintiff and defendant is unenforceable as a "tying agreement" affecting a substantial amount of commerce in violation of the Connecticut Anti-Trust Act, Conn. Gen. Stat. sec.35-24 et. seq.
The second special defense asserts that "the contract CT Page 2658 alleged to exist between the plaintiff and W.R., Inc. to the extent that it is relied upon to provide consideration to support the alleged oral agreement between the plaintiff and the defendant is invalid and unenforceable since the same constitutes a `tying agreement' affecting a substantial amount of commerce. . ."
The plaintiff now moves to strike both of the special defenses. The plaintiff first moves to strike the special defenses on the ground that neither defense complies with a prior request to revise. A motion to strike tests the legal sufficiency of a pleading. Conn. Practice Book Section 152. A request to revise, rather than a motion to strike, should be used to clarify the allegations of a complaint. See Regal Steel Inc. v. Farmington Ready Mix Inc., 36 Conn. Sup. 137, 139-40 (1980). Therefore, the first ground of plaintiff's motion to dismiss must fail.
The plaintiff next asserts that neither special defense is legally sufficient because of a failure to allege that competition is substantially lessened or tends to create a monopoly. However, "no specific showing of unreasonable competitive effect is required" to demonstrate the illegality of a tying agreement or an agreement not to deal in the services or commodities of a competitor of a lessor or seller. State v. Houssan-Maxwell, Inc., 181 Conn. 655, 660 (1980). Tying agreements are per se illegal if a "not insubstantial amount of interstate commerce is affected." Id. at 661. The two special defenses allege that a substantial amount of commerce was affected by the tying agreement. Thus, the special defenses are viable in that both defenses sufficiently allege tying agreements.
The plaintiff also alleges that the special defenses are insufficient because such defenses do not refer to a second or different service, but merely to the same service provided by the plaintiff. The plaintiff's assertion that a tying agreement must refer to a different product or service than the one provided is based upon dicta in a case in which a tying agreement was undisputed. See Houssan-Maxwell Inc.,181 Conn. at 659. The statute which declares tying agreements to be unlawful makes no distinction concerning whether such an agreement relates to the service provided by one party or to a different service. Conn. Gen. Stat. sec. 35-29. Courts may not, by construction, supply omissions in a statute or add exceptions to a statute. State ex rel Kennedy v. Franwirth, 167 Conn. 165, 168
(1974). The court should not read into the statute a requirement that a tying agreement relate to a different service or product. CT Page 2659
The fourth ground of plaintiff's motion is that the second special defense refers to a tying agreement to which the defendant is not a party and the defendant therefore lacks standing to challenge its validity. "Standing is that doctrine which affords a party the right to request an adjudication of issues which affect him and his rights in particular." Kaplan v. Ellis, 1 Conn. App. 368, 370 (1984). The defendant, however, asserts the illegality of the agreement between the plaintiff and W.R., Inc. "to the extent that it is relied upon to provide consideration to support the alleged oral agreement between the plaintiff and the defendant. . ." Since the defendant is concerned with the tying agreement only to the extent that it affects his agreement with the plaintiff, he has standing to raise such an issue. See Id. Such standing is acquired because the defendant seeks only an adjudication of those issues which affect his rights in particular. See Id.
Lastly, the plaintiff argues that a promise to forbear bringing suit is not invalid even if the suit would not be successful. Tying agreements, however, are illegal. Conn. Gen. Stat. sec. 35-29. Where an agreement violates a state statute, it will not be enforced. See McHugh v. McHugh, 181 Conn. 482,488 (1980). Therefore, where an agreement to forbear bringing the agreement not to sue is unenforceable.
Accordingly, the motion to strike is denied.
JOHN M. BYRNE JUDGE, SUPERIOR COURT