[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PREJUDGMENT REMEDY
This is an action on a note where the plaintiff requests a prejudgment remedy (hereafter "PJR") as security in addition to an existing mortgage to secure the note. The only issue disputed between the parties is whether a creditor who elects to sue upon a note rather than foreclose the mortgage securing it can obtain an attachment on a second parcel of land when the debt is fully secured by the mortgage.
The defendant executed a promissory note for $180,000.00 on June 16, 1986 and secured it with a first mortgage on property owned by the defendant. The present balance on the note is about $145,000.00, and there is no claim that the mortgage does not provide adequate security for the note. The plaintiff has elected to sue on the note rather than foreclose the mortgage because it believes that there are environmental CT Page 7255 pollution problems with the mortgaged property and that it may incur clean up costs if it forecloses the mortgage and obtains legal title.
When an application is made for a PJR under section 52-278a of the General Statutes, the court determines whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits. New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 620-21; Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152, 156. The plaintiff only has to prove probable cause to sustain the validity of the claim, Three S. Development Co. v. Santore,193 Conn. 174, 175, which is not disputed by the defendant who clearly owes the balance on the note. As part of a PJR, a plaintiff must also prove probable cause as to the amount of the claim. Union Trust Co. v. Heggelund, 219 Conn. 620, 625; Essex Group, Inc. v. Ducci Electric Co., 181 Conn. 524,525-526. Here the amount of the debt is also undisputed, which enables an easy determination by the court as to the amount of the PJR.
The right to attach property is created and regulated by statute. Harris v. Barone, 147 Conn. 233, 234. The purpose of a PJR is to prevent dissipation of assets by the defendant and retain them as security for the satisfaction of the judgment that the plaintiff may recover in the underlying action. E. J. Hansen Elevator, Inc. v. Stoll, 167 Conn. 623, 629. Because a PJR effects a deprivation of use of property which has due process implications, the PJR statutes are strictly construed, and the creditor is not entitled to one in excess of the amount it is likely to recover. Union Trust Co. v. Heggelund, supra, 625, 626; Ledgebrook Condominium Assn., Inc. v. Lusk Corporation, 172 Conn. 577, 585.
It has long been the law in this State that a note is evidence of a debt, and the mortgage secures a debt, not a note. Iamartino v. Avallone, 2 Conn. App. 119, 123; Bolles v. Chauncey, 8 Conn. 389, 391-92 (1831). The plaintiff has a lien on the property in the nature of a pledge to secure payment of the mortgage debt. Chappell v. Jardine, 51 Conn. 64, 69. By accepting the mortgage, the plaintiff already has adequate security to satisfy the indebtedness, if, as expected, it obtains a judgment on the note. The plaintiff relies upon the concept that "[a] note and a mortgage given to secure it are separate instruments, executed for different purposes and in this State action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit." Hartford National Bank Trust Co. v. Kotkin, 185 Conn. 579, 581; Little v. United Investors CT Page 7256 Corporation, 157 Conn. 44, 48; Atlas Realty Corporation v. House, 120 Conn. 661, 670. Nevertheless, "[t]he mortgage is an incident only to the debt, which is the principal; it cannot be detached from it; distinct from the debt, it has no determinate value. . . ." Huntington v. Smith, 4 Conn. 235, 237 (1822).
While the plaintiff as a creditor may elect to sue upon the note rather than foreclose the mortgage, this does not mean that it is entitled to double security for the same obligation Otherwise, any creditor could tie up the debtor's property for amounts double the amount of the debt. As noted in New Have Savings Bank v. Warner, 128 Conn. 662, 666:
 "The owner of a debt secured by a mortgage has the right to proceed against the debtor to collect the debt and to enforce the mortgage either contemporaneously or consecutively. If by the former process he secures full payment of the debt, his right to enforce the mortgage is gone; or if he secures payment in part, he can enforce the mortgage only so far as necessary to secure the payment of the balance. Should he first press the proceedings to enforce the security to an issue and appropriate the property, his debt is satisfied if its value equals or exceeds the amount of indebtedness owing, and if it is less than that amount his right to further recover is limited to the deficiency. The extent of his recovery should not in any event, by whatever process effected, exceed the amount of his debt."
See also Little v. United Investors Corporation, supra, 48.
Upon application of the defendant, the court should reduce or dissolve an attachment when the creditor has a lien on other property of the defendant which has an equal or greater no equity value than the amount secured by the attachment Section 52-304 of the General Statutes. See also Csakany v. Takacs, 143 Conn. 485. The case of Rex Realty of Connecticut Inc. v. Thiessen, 6 CSCR 81 (1991) is factually distinguishable from this case, although it allowed an attachment of Connecticut property in an action to recover on a note secured by a mortgage on property located in New York. There the court allowed an attachment of Connecticut property because the action on the note was brought here. In this case, the plaintiff has Connecticut security which it can pursue in an action in this state. Granting the PJR requested here would CT Page 7257 give the plaintiff excess security for the underlying debt. While the plaintiff can elect to sue on the note rather than foreclose the mortgage, it cannot have its cake and eat it too. As long as it retains the mortgage to secure the note, it is not entitled to a PJR to provide security for a judgment in the action on the note.
The application is denied.
Robert A. Fuller, Judge