[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Bank of Boston, Connecticut, ("bank") seeks to attach assets of The Modern Food Equipment Co., Alan Judelson and Bella Judelson, Executrix of the Estate of Julius Judelson, during the pendency of its claim for nonpayment of certain loans.
The defendants do not dispute that the loan obligations are in default, however, they take the position that because the plaintiff bank already has security interests in property of the defendants, it may not attach other property without showing that its existing security interest is insufficient.
The court finds that the bank has established probable cause as to three loans:
1. A note in the amount of $150,000.00, signed by the president of the defendant corporation, as to which $39,103.60 unpaid interest and principal is due. Defendant Alan Judelson is a guarantor as to this indebtedness, and demand has been made upon him. This loan is secured by a first lien on equipment and receivables of The Modern Food Equipment Co. No evidence was presented as to the value of the equipment subject to the bank's security interest.
2. A revolving credit obligation, signed by the president of the CT Page 9077 defendant corporation, in the amount of $100,000.00 as to which $102,955.86 is due. Defendant Alan Judelson is a guarantor as to this indebtedness, and demand has been made upon him. This note is secured by a security interest in the inventory, equipment and receivables of The Modern Food Equipment Co. No evidence was presented as to the value of the assets subject to this security interest.
3. A note in the amount of $350,000.00, signed by Alan Judelson as maker, as to which $364,961.39 is due. The Modern Food Equipment Company and Julius Judelson are guarantors (Ex. D). This note is secured by a mortgage on the interest of defendant Alan Judelson in property known as 152 Water Street, New Haven, together with a security interest in equipment, rents, proceeds and profits, and receivables with respect to the mortgaged property. No evidence was presented as to the value of the mortgaged property, the existence of any prior encumbrances, nor the value of the other assets subject to the security interests indicated.
It is not found that Julius Judelson nor his executrix guaranteed or assumed any indebtedness as to the first or second of these transactions.
No action to foreclose any of the mortgages or to execute on any of the security interests is pending.
The terms of the guaranty executed by Alan Judelson as to the first transaction include that the guarantor "shall be and remain bound upon this guaranty, irrespective of the existence, value or condition of any collateral. . . ." (Ex. B, para. IV). As to the second transaction, Alan Judelson's guaranty is "unconditional" and permits the bank to release security at its sole discretion. (Ex. C). As to the third transaction, the executed by the corporate defendant and Julius Judelson provides that the bank shall not "be required to take any affirmative steps to liquidate, protect or preserve any such collateral held by you, or realize upon any such collateral, or pursue any other rights or remedies available to [it]." (Ex. D, P. 2).
None of the guarantees requires the bank to liquidate the security before invoking the guaranty.
In a situation very similar to that set forth above, the CT Page 9078 Connecticut Supreme Court in Bank of Boston, Connecticut v. Schlesinger, 220 Conn. 152, 157-8 (1987) ruled that a creditor could attach the property of a guarantor without first exhausting the collateral securing the loan. The Supreme Court noted that the terms of the guaranty did not require exhaustion of the security and that "[i]t is not within the power of courts to create new and different agreements;" citing Jay Realty, Inc. v. Ahearn Development Corporation, 189 Conn. 52, 55, 453 A.2d 771
(1983).
The defendants rely on a recent decision by Judge Fuller in Gateway Bank v. Maguire, 7 CSCR 1022 (9/14/92), denying a prejudgment attachment of the property of a debtor in addition to an existing mortgage that secured the debtor's note to the plaintiff bank. Judge Fuller found that the creditor was seeking excess security. Though Judge Fuller's opinion does not expressly state that the value of the security interest is at least equal to the debt, his characterization of the additional attachment as "excessive" indicates such a finding. This court notes, moreover, that the Appellate Court has recently held that a creditor may obtain a prejudgment attachment in addition to its interest in aid of recovery of an eventual deficiency provided that the creditor establishes probable cause that there will be a deficiency. People's Bank v. Bilmore Building Corporation, 28 Conn. App. 809, 818-19 (1992).
Read together, these two cases counsel denial of the application as to defendant The Modern Food Equipment Co., as to the first two transactions, as the movant failed to prove that the security is insufficient or that a deficiency is likely.
The Gateway case does not, however, speak to the situation of an unconditional guaranty by a party other than the maker of the note, and here, as in Schlesinger, supra, the terms of the guarantees must be given effect. Since those terms do not require prior exhaustion of the collateral there is no bar to attachment of the property of the guarantors.
The plaintiff has established probable cause that it will recover as to its claims against Alan Judelson to the extent of $407,000.00, however, it has requested an attachment only to the extent of $160,000.00, and its application is granted to that extent. The authorized attachments are set forth in a separate order.
CT Page 9079 The plaintiff has established probable cause as to its claim against The Modern Food Equipment Co., as guarantor, and against the estate of Julius Judelson, as guarantor, to the extent of $390,000.00, inclusive of interest likely to accrue during the pendency of the plaintiff's action.
The plaintiff has failed to demonstrate the likelihood of a deficiency as to its claim against defendant The Modern Food Equipment Co. with regard to the first two transactions, and therefore its application is denied as to those transactions.
The authorized attachments are set forth in separate orders.
Beverly J. Hogdson Judge of the Superior Court