[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the defendant's motion to dissolve or modify an attachment. At issue is whether and to what extent the holder of a note secured by a mortgage may attach other property of the debtor in a suit on the note.
The plaintiff, Bank of New Haven, has established that the defendant, Norman Sweedler, is in default on a promissory note in the amount of $400,000.00, which is secured by a second mortgage on a commercial building known as 832-838 Grand Avenue in New Haven. Rather than bringing a foreclosure action to recover the present balance in the amount of $320,222.07, the bank brought this suit on the note and, pursuant to waivers of notice and judicial review that are not contested by the defendant, effectuated ex parte attachments on the defendant's property at 27 Grouse Lane, Woodbridge, and garnished a debt to the defendant from Randy Garrison.
The defendant testified without contradiction that the value of the Grand Avenue property as to which the plaintiff holds a mortgage is $2.5 million, that the first mortgage secures a debt to another lender in the amount of $1.3 million, and that there is sufficient equity in the property that the plaintiff is secure. The defendant argues that in these circumstances, the plaintiff is not entitled to attach his other property.
The plaintiff bank takes the position that it is entitled to a separate prejudgment remedy without regard to its mortgage interest.
Section 52-279 C.G.S. provides that "[a]ttachments may be granted upon all complaints containing a money demand against the CT Page 6669 estate of the defendant, both real and personal." While the statute exempts certain causes of action and certain defendants, the statutory exemptions do not include the situation in which the claimant already holds a security interest in some of the debtor's property.
There does not yet appear to be any clear guidance on the issue from the Supreme Court. The issue is present but not adjudicated in Bank of Boston Connecticut v. Schlesinger,220 Conn. 152 (1991), in which the Court affirmed the granting of a prejudgment attachment of the property of guarantors in a transaction in which the bank had a mortgage on property of the party whose debt the defendants had guaranteed. The Court noted, at page 158, that it agreed with the bank that the bank was not required to proceed first against the debtor and the mortgaged property before seeking to attach the guarantors' property.
Nevertheless, the Court affirmed an order in which the trial court had reduced the amount of the attachment by the likely amount of the security provided by the mortgaged property. Since the bank did not cross appeal as to this reduction, the issue of whether it was entitled to a larger attachment, disregarding the value of the mortgaged interest, was not before the Court, and the holding concerns only the obligation of the guarantors, not the bank's rights to attach property of the debtor that had conveyed the mortgage interest.
This court has ruled, in Scaffone v. Orlando G. Annulli 
Sons, Inc., Docket No. 91-0321855 (J.D. New Haven 1/17/92) that a creditor who has filed a mechanic's lien is not entitled to additional security for its claim by way of a prejudgment attachment of the debtor's assets, because of the statement by the Appellate Court in Kaplan v. Ellis, 1 Conn. App. 368, 370
(1984), that a party is not entitled to security in excess of its probable claim for damages. The same approach was followed by Judge Fuller in Gateway Bank v. Maguire, 7 CSCR 1022 (9/14/92), (denying a prejudgment attachment of property of the debtor in addition to an existing mortgage upon a finding that the attachment was excessive), and by Judge Satter in Fleet Bank v. Autorino, Docket No. 390382 (J.D. Hartford-New Britain at Hartford, 3/28/91), (granting a prejudgment attachment in a suit on a note but limiting the amount to the difference between the indebtedness and the value of the mortgaged property).
The plaintiff urges the court to follow the contrary CT Page 6670 conclusion of the court in Rex Realty of Connecticut v. Thiessen,6 CSCR 81 (J.D. Stamford-Norwalk at Stamford, 1/4/91). In that case, the mortgaged property was located in New York, and the court allowed an attachment in order to give the plaintiff security in Connecticut which it could pursue in a suit in this state. No such consideration is present in the case before the court, since the mortgaged premises are located in Connecticut.
While the bank correctly observes that a creditor may elect to sue upon a note rather than foreclose the mortgage that secures the indebtedness, such a right of election does not entitle the bank to double security for the same obligation, tying up the debtor's property in double the amount of the indebtedness. The purpose of a prejudgment remedy is to bring assets of the defendant "into the custody of the law to be held as security for the satisfaction of such judgment as the plaintiff may recover. . . ." E. J. Hansen Elevator, Inc. v. Stoll,167 Conn. 623, 629 (1975). Where that purpose has already been served by the existence of a lien security interest or mortgage interest, the granting of a prejudgment attachment would not achieve the statutory purpose but would serve, instead, the unauthorized purpose of encumbering an excessive amount of the debtor's property. See Kaplan v. Ellis, supra, at 370.
The only testimony presented as to the value of the mortgaged property was to the effect that it exceeds the amounts of both the first mortgage and the debt to the plaintiff. Accordingly, the court finds that the plaintiff already has security sufficient to secure the debt, and it is not entitled to an additional prejudgment attachment.
The motion to dissolve the plaintiff's ex parte attachments of a) the property known as 832-838 Grand Avenue, New Haven (an attachment in addition to the mortgage interest), b) the interest of the defendant Norman Sweedler in property known as 27 Grouse Lane, Woodbridge, and c) the debt of one Randy Garrison to the defendant Norman Sweedler, is hereby granted, and the plaintiff is ordered to take all steps necessary to remove its attachments.
Beverly J. Hodgson, Judge