[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PREJUDGMENT REMEDY TO ENFORCEMENTA FOREIGN JUDGMENT
May a creditor/mortgagee's prejudgment attachment attach to other assets belonging to the debtor if the debt is already secured by a mortgage on property evaluated well in excess of the amount of the debt?
The plaintiff argues that it has met its burden of probable cause necessary for a prejudgment remedy to be granted under General Statutes § 52-278a, and that it therefore should be allowed to attach other assets belonging to the debtor. It further argues that the actual value of the property securing the debt is too speculative to provide adequate security for the debt. The plaintiff asserts that if Edythe Travelstead prevails in this pending foreclosure action it will only be able to recover Mr. Travelstead's half-share of the $5.3 million appraised value put on the property, and this half-share would be significantly less than the amount of the debt which accrues interest daily.
The defendant argues the prejudgment remedy should be denied as the plaintiff has failed to meet the probable cause burden. Furthermore, the defendant asserts the value of the property securing the debt is adequate as the property was appraised at $5.3 million by an expert appraiser, and his testimony was uncontroverted at the hearing held on October 11, 1995.
Connecticut law is clear that a holder of a debt secured by a mortgage may elect to sue on the note in law instead of seeking a foreclosure judgment on the mortgage in equity, or may pursue both remedies in a consolidated foreclosure suit. Hartford NationalBank Trust Co. v. Kotkin, 185 Conn. 579, 581, 441 A.2d 953
(1981). Additionally, a prejudgment attachment may be granted in CT Page 12572-A a foreclosure action as neither General Statutes § 52-279, nor General Statutes § 52-278a, (attachment and prejudgment remedy statutes respectively), proscribe the use of attachments in foreclosure actions. People's Bank v. Bilmor Building Corporation,28 Conn. App. 809, 818 (1992). According to the prejudgment remedy statute, General Statutes §§ 52-278a-g, a prejudgment remedy may be granted if the trial court determines that the plaintiff has established there is probable cause that it will prevail in a trial on the merits. Bank of Boston Connecticut v. Schlesinger,220 Conn. 152, 156, 595 A.2d 872 (1991). However, the holder of the note may exercise the option of suing on the note and seeing a prejudgment attachment only when the underlying security interest appears to be insufficient to satisfy the debt. The reason for this is that the holder of the note is not entitled to double security on the same obligation as this would excessively encumber the debtor's property. E.J. Hansen Elevator, Inc. v. Stoll,167 Conn. 623, quoted in Bank of New Haven v. Sweedler, 8 CSCR 858, 859
(1993); Gateway Bank v. McGuire, 7 CSCR 1022, 1023 (1992), (creditor suing on note rather than foreclosing on mortgage not entitled to double security for the same obligation); People's Bankv. Bilmor Building Corporation, 28 Conn. App. 809 (1992), (prejudgment attachment may be granted to obtain additional security where there was probable cause that mortgage was insufficient to satisfy the debt); Kaplan v. Ellis, 1 Conn. App. 368
(1984), (plaintiff only entitled to a security interest up to, and not in excess of, the amount of its claim for damages). Similarly, a prejudgment attachment will not be granted where the underlying security is sufficient to satisfy the debt. BlakesleeArpaia Chapman, Inc v. EI Constructors, Inc., 32 Conn. App. 118,130-131 (1993); Gateway Bank v. McGuire, 7 CSCR 1022, 1023
(September 14, 1992); Bank of New Haven v. Norman Sweedler,8 CSCR 858, 859 (August 23, 1993).
The plaintiff in this case was granted a judgment, (Index No. 120810/94), by the Supreme Court of the State of New York, County of New York, on May 4, 1995. This judgment disposes of the issue of whether the plaintiff's suit is likely to succeed on the merits. The remaining issue is whether the value of the property securing the debt is adequate, and therefore the prejudgment attachment should be denied. In the current case the defendant provided uncontroverted testimony that the property securing the debt was worth $3.5 million. The plaintiff has not presented any concrete evidence that the value of the property securing the debt is inadequate. Should the plaintiff obtain a judgment of foreclosure and the value of the property securing the debt prove to be CT Page 12572-B inadequate, the plaintiff may seek a deficiency judgment under General Statutes § 49-14 to recover any amount due on the note resulting from the deficiency. First Bank v. Simpson, 199 Conn. 368,371, 597 A.2d 997 (1986). Therefore the plaintiff's motion for a prejudgment remedy to enforce its foreign judgment is denied.
KARAZIN, JUDGE